State *v.* Jackson.

———————

STATE, Defendant in Error, *vs.* JACKSON, Plaintiff in Error.

1. Whether a prosecutor shall be compelled to elect on which count of an indictment he will proceed, is a matter of discretion with the court; where the *same offence* is charged in different forms, the court may very properly refuse to compel an election.

2. On a charge against A., of an assault with intent to kill B., no remarks or threats affecting A., made by B. to a third party previously to the assault, are admissible in evidence in A.'s behalf; certainly not, when it does not appear at what time they were communicated to him.

3. Declarations of B. some months after the assault, in palliation of A.'s guilt, are not admissible.

4. Nor is evidence of B.'s general bad and dangerous character admissible, he being unoffending when assaulted.

5. Evidence of threats made by B. is not admissible, if sufficient *time had* elapsed for the blood to cool.

*Error to Saline Circuit Court.*

*Shackelford,* for plaintiff in error.

*James B. Gardenhire,* (attorney general,) for the State.

State *v.* Jackson.

RYLAND, Judge, delivered the opinion of the court.

The defendant was indicted for feloniously assaulting and shooting one Jonathan Millsaps, with intent to kill him. There were several counts in the indictment. The defendant appeared and plead not guilty. At the trial term, after the jury were sworn, the defendant moved the court to compel the counsel for the State to elect under which count of the indictment the prisoner should be tried. This motion the court overruled, and the defendant excepted. The State then introduced testimony to prove the offence, and the defendant offered evidence in mitigation. The jury convicted the defendant, and assessed his punishment at two years imprisonment in the state penitentiary. A motion was made for a new trial, which being overruled, the defendant excepted, and brings the case here by writ of error.

The defendant, by his counsel, offered to prove in mitigation, that defendant was informed on the evening of the day before the shooting took place, that Millsaps had made an agreement with defendant's wife to get her a divorce and marry her. This evidence was objected to by the State, and rejected by the court. The defendant then offered to prove that Millsaps had told a witness, that another person was more to blame for the shooting than the defendant was. This was objected to by the attorney for the State, and the objections were sustained by the court. The defendant then offered to prove the general character of Millsaps, as a desperado, and dangerous man, and likely to carry his threats into execution. This proof being objected to, was likewise excluded and rejected by the court. The case was submitted to the jury under instructions. Both parties asked the court to give instructions, and all the instructions prayed for by each party, were given to the jury without any objection or exception. The only matters, then, for our consideration, are the rulings of the court below, in regard to the refusal to compel the circuit attorney to elect under which

count the defendant should be tried, and the exclusion and rejection of evidence in mitigation.

1. The practice of compelling the State to elect the count on which the trial shall be had, is one always addressed to the sound discretion of the court. When the court can see from the indictment, that there is but one criminal act charged, although there are several counts in which the transaction is set forth in a different manner, and with different words, and different averments, calculated to meet the different statements of the witnesses who are expected to prove the offence, it would cripple the prosecution to make the State elect. But where the court can see from the indictment, that various different and distinct offences, each a felony, have been charged in one indictment, then the discretion of the court may be exercised properly in making the order compelling the State to elect. This is always addressed to the discretion of the court, and this court will not reverse for the exercise of such discretion, unless in a case where the abuse is most obvious and manifest. To make the State elect on which count it would prosecute, in all cases where there is more than one count, would be to require, in practice, but one count in indictments. Yet we know that pleaders have always been cautioned and advised to arrange the formal charges constituting the crime, in different counts, in different forms of the same indictment, so as to meet the evidence, as well as to meet the various constructions that penal statutes receive from different judges. This practice of refusing or compelling the State to elect on which count to proceed, according to the best discretion of the courts, has prevailed in this state from its earliest judicial history; and for more than eighteen years, my experience on the circuit bench recognized and approbated this practice. It was always looked upon as a matter of discretion. See *Storrs* v. *State*, 3 Mo. Rep. 7. It is the opinion of this court, then, that the court below did not err in refusing to make the State elect the count on which to proceed to try the prisoner.

in this case; for the indictment shows, that the shooting of Millsaps was the offence, and the counts set forth and allege this offence in different phraseology, and in different circumstances.

2. The court below did not err in refusing to admit the evidence offered in mitigation by the defendant. The testimony of Robert Jackson, which was excluded, was properly excluded. It was not competent evidence.

The witness stated, that two or three weeks before Millsaps was shot, he heard Millsaps say " that Alfred Jackson would not take care of his wife, nor let him do it; that he would help her to get a divorce from said Jackson ;" that he frequently heard Millsaps say " that Alfred Jackson's wife had no husband, and ought to have somebody to attend to her. On Sunday evening last, Alfred Jackson told me that he had shot Millsaps." The witness said he had communicated to Alfred Jackson what he had heard Millsaps say. The words of the witness, which are quoted above, were excluded. It appears from the record, that Robert Jackson had died after the examination first had before the justice of the peace who committed the prisoner. On this examination, Robert Jackson had testified, and his testimony was reduced to writing; the above words were not permitted to be given in evidence when his written statement was offered. It does not appear from the evidence of Robert Jackson, taken before the justice who committed the prisoner, at what time he communicated these remarks of Millsaps about Jackson's wife, to Jackson; there is nothing said about the time of his making these known to the prisoner, whether before or after he shot Millsaps. It was right, then, to exclude these words from the jury on this account, if no other. The court did permit the balance of the statement to be read without any objection ; and, therefore, no other error, than the exclusion of the above words, was complained of by the prisoner in regard to the testimony of Robert Jackson.

3. The evidence of what Millsaps said, some months after the shooting, about another person, whom he thought more to blame than the prisoner, was properly excluded. It was no evidence in mitigation. Though he blamed one more than another, this did not show that he thought this prisoner not guilty. It could not explain the transaction—it was properly overruled.

4. As to the character of the man shot, (that is, Millsaps,) for danger and desperation, it was properly excluded from the jury. There may be cases where the general character would be proper evidence before the jury ; it would explain the situation of the parties, and their acts and deeds at the time. But here is a man shot by the prisoner, as he says, at thirty yards distance, when the man shot exclaimed, " he was unarmed," and when the prisoner says " he would have got the damned old rascal had he not got behind his horse"—a man exclaiming to the prisoner " not to shoot him, he was unarmed, though not afraid ;" and yet, the prisoner, when relating the occurrence, stated, " he would have got the damned old rascal had he not got behind his horse," with as much seeming indifference to human life, as though he were shooting at game. " Would have got him, but he got behind his horse !" The bad and dangerous character of the person killed, will not justify his being shot under such circumstances—nor will it tend to mitigate the crime, or lessen the guilt of the manslayer. The court below, therefore, committed no error in overruling this evidence.

5. It seems that Jackson and his wife had separated, and that Millsaps had carried a pistol some months before, and threatened if Jackson came across his way, or laid his hands on him, he would shoot him. But the evidence offered had no tendency to bring the threats down to the immediate cause of shooting. If there was time for the blood to cool—for the passions to subside, these remarks and threats will not mitigate. See the case decided at this term of *Collins* v. *Todd*,

and the case of *Whitney* v. *Coxe et al.* 9 Mo. Rep. 527. In looking over the whole record of the proceedings of the court below, no error appears requiring this court to reverse. This killing was, from the proof, felonious, and the imprisonment for two years is the lowest term of confinement in our penitentiary.

Let the judgment of the court below be affirmed, the other judges concurring.