State v. Leonard.

THE STATE, Defendant in Error, v. LEONARD, Plaintiff in Error.

1. It lies in the discretion of the court, whether it will compel the State to elect the count of an indictment on which the defendant shall be tried. (State v. Jackson, 17 Mo. 544. affirmed.)

2. An indictment, under the 38th section of article 2 of the act concerning crimes and punishments, (R. S. 1845, p. 351,) which charges that the defendant feloniously assaulted and wounded M. D., wife of D. D., with a large stone held in his hand, &c., alleged to have been a deadly weapon, likely to produce great bodily harm and death, and her the said M. D. did then and there strike, beat, wound, and ill-treat with great force, which was likely to produce death, &c., is sufficient. The words "with intent her the said M. D. then and there to wound and ill-treat," may be rejected as surplusage.

3. As to what constitutes a wounding within section thirty-eight of article two of act concerning crimes and punishments.

4. State v. York, infra, p. 462, affirmed.

## Error to Dent Circuit Court.

The opinion of the court is sufficiently full in the statement of the facts.

*Arnold*, for plaintiff in error.

*Gardenhire*, for the State.

RYLAND, Judge, delivered the opinion of the court.

This is an indictment against the defendant, under the 34th and 38th sections of the second article of the act concerning crimes and punishments, (R. C. 1845, p. 350, 351). The defendant appeared and pleaded not guilty. Upon a trial, the jury found the defendant guilty on the first count of the indictment, and not on the second, and assessed his punishment at a fine of five hundred dollars.

The only questions then that arise in this case are on the first count, and these questions, giving the defendant the benefit of every thing that is found on the record, relate in the first place to the refusal of the court to compel the state to elect which count of the indictment she would proceed under; in

the second place, as to the propriety of the instructions given and refused; and lastly, as to the sufficiency of the indictment.

1. The first point, as to the election of the count in the indictment under which the state shall proceed, has been settled by this court against the defendant, in the case of the State v. Jackson, 17 Mo. Rep. 544; see also 3 Hill's Rep. 160. This point is therefore ruled against the defendant.

2. The indictment has two counts—the first is under the 38th section of article 2d, act of 1845, crimes and punishments; and the second under the 34th section of the same article. We have nothing to do with the second count, the jury finding the defendant not guilty under that count. The first count then charges (throwing off the verbiage) that the defendant feloniously assaulted and wounded Malissa Davenport, wife of David Davenport, with a large stone held in his hand, &c., alleged to have been a deadly weapon, likely to produce great bodily harm and death; and her the said Malissa did then and there strike, beat, wound, and ill-treat with great force, which was likely to produce death, &c. This is the substance of the charge. This, we think, is sufficient under the 38th section of article 2, above mentioned. The indictment is informal, but we think substantially good. The words, "with intent her the said Malissa Davenport then and there to wound and ill-treat," we think may be thrown off as surplusage; they form no part of the description of the offence; it is substantially set forth without them.

3. As to what constitutes a wounding under this statute, we may suppose from the evidence that the prosecutrix was wounded in the legal sense of the term; for, she says, that "there is a scar left still," made by the wound. In Rex v. Payne and another, it was held, if a person strike another with a bludgeon, and break the skin and draw blood, it was a sufficient wounding to be within the statute 9 Geo. IV, ch. 31, sec. 13. Under this act, it is not at all material what the instrument is with which the party is wounded. The punishment under this statute of 9 Geo. IV, chap. 31, sec. 12, was in some cases death;

a wound from a kick with a shoe on, will be within the same statute. (See Rex v. Briggs & Briggs; 1 Moody's Crim. Cas. 318.) In criminal cases, the definition of a wound is an injury to the person by which the skin is broken. Moriarty v. Brooks, 6 Car. & Pay. 684 (25 Eng. Com. Law, 598) per Lord Lyndhurst, C. B. ; Rex. vs. Withers, 4 Car. & Pay. 446 (19 Eng. Com. Law, 466). Inflicting a wound on a person by throwing a sledge hammer at him, is a wounding within 9 Geo. IV, chap. 31, sec. 11 & 12, although the sledge hammer from being blunt, was not an instrument calculated to inflict a wound. Dr. Johnson defines a wound to be "a hurt by violence." In the case before us, the instrument was a stone about the size of the fist of a woman—for thus the witness described it—and it was thrown with such violence as to knock the woman down ; and when she was afterwards examined on the trial as a witness, about a year after she received the blow, she said, "it bruised me severely ; there is a scar there yet." There can be no doubt, then, of this being a wound, under the 38th section of the act aforementioned. This settles the point in regard to the indictment ; it is sufficient, and we think the wound was one embraced by the statute.

As to the instructions, we see no error in those given to the jury ; nor did the court err in refusing to give those refused. Although if the charge had been of an intent to kill one person, it would not have been sufficient to prove a different intent ; as, to kill another person, yet in this case there was no such charge ; at least in the first count, under which the defendant was convicted ; and the instruction as applicable to that count was correct.

4. In regard to the motion in arrest of judgment, because Dent county was formed unconstitutionally, and is therefore no county in the eye of the law, we refer to what has just been said in the case of the State v. York & York, from the same county, and also to State v. Rich & Rich, 20 Mo. Rep. 393. In looking over the record in this case as well as record in the case of York & York, just decided, we might have justified our-

selves in dismissing the writ of error in both cases, without wading through a mass of papers bundled together without regard to sense, priority of date, or any thing but mere chance. But we examined, and assorted, and arranged the matters as much as was in our power, and concluded to pass upon the the cases on their merits as far as we could ascertain them.

Upon the whole record, then, we find no error authorizing us to reverse the judgment below.

The judgment is accordingly affirmed ; Judge Leonard concurring.