State v. Gray.

STATE OF MISSOURI, Respondent, v. HENRY GRAY, Appellant.

1. *Crimes—Larceny.*—Larceny is the wrongful or fraudulent taking and carrying away of the personal property of another, from any place, with a felonious intent to convert the same to the taker's use, and make it his own, without consent of the owner.

2. *Crimes — Larceny— Evidence.*—The possession of stolen property recently after its loss, is presumptive evidence of guilty possession, and if unexplained by attending circumstances, or the character of the possessor or otherwise, is taken as conclusive.

3. *Criminal Practice—Counts.*—It is within the discretion of the court to compel the prosecutor to elect upon which of several counts he will submit the cause to the jury.

*Appeal from St. Louis Criminal Court.*

*W. H. Lackland,* for appellant.

*Jos. P. Vastine,,* for respondent.

WAGNER, Judge, delivered the opinion of the court.

The first error complained of by the appellant is that the court wrongly instructed the jury as to what constituted larceny. East, in his Pleas of the Crown, defines larceny to be the wrongful or fraudulent taking or carrying away by any person of the mere personal goods of another, from any place, with a felonious intent to convert them to his (the taker's) own use, and make them his own property, without the consent of the owner. Bishop says, it is the taking and removing, by trespass, of personal property, known to belong either generally or specially to another, with the intent to deprive

him of such general or special ownership therein (1 Cr. L. § 419) ; and Blackstone (4 Com. 230) declares it to be the felonious taking and carrying away of the personal goods of another.

The statutory definition is, that every person who shall be convicted of feloniously stealing, taking, and carrying away, any money, goods, right in action, or other personal property, or valuable thing, &c., belonging to another, shall be deemed guilty of larceny. (R. C. 1855, p. 575, § 25.)

The court instructed the jury that larceny was the wrongful or fraudulent taking and carrying away by any person of the mere personal property of another, from any place, with a felonious intent to convert the same to his (the taker's) own use, and make it his own property, without the consent of the owner. This is in almost the identical language of East, and in substantial compliance with the statute.

The next point insisted on is, that the court erred in refusing to compel the State to elect on which count in the indictment a conviction was sought. The practice is well settled and firmly established in this State, that a motion to compel the prosecutor to elect the count on which the trial shall be had, is always addressed to the discretion of the court, and this court will not interfere with the exercise of this discretion, unless it is manifest that it has been abused to the obvious and palpable detriment of the accused. It is often indispensably necessary to include several counts in the same indictment, to meet the proofs which may be given on the trial ; and to arbitrarily compel an election in all instances, would tend to cripple prosecutions and defeat the ends of justice. (State v. Jackson, 17 Mo. 544; State v. Leonard, 22 Mo. 449.)

In The People v. Baker, the prisoner was convicted of receiving stolen goods. The indictment contained three counts, each charging a felony. The first count was for receiving stolen goods, the second for burglary, and the third for grand larceny. At the trial, the defendant's counsel moved that the district attorney be compelled to elect whether he would

State v. Gray.

proceed upon the count for receiving stolen goods, or upon the others. The court overruled the motion, and, on error brought, the Supreme Court sustained the decision, and declared that it was in the discretion of the court below, and not a question to be reviewed. (3 Hill, 159.)

In the case here, the indictment contained two counts; one for grand larceny, the other for receiving stolen goods. No evidence was given as far as one of the counts was concerned, and the ruling of the court could in nowise operate to the injury or prejudice of the prisoner.

The instruction of the court, that where property has been stolen and recently thereafter the same is found in possession of a party, it is incumbent on him to account for such possession in a manner consistent with his innocence, or rebut the presumption of guilt arising by reason of such recent possession; and until he so accounts for such possession, or so rebuts such presumption, the law presumes he is the thief, was a correct proposition of law, and fully justified by the evidence in the case.

The possession of the fruits of crime recently after its commission, is *prima facie* evidence of guilty possession, and if unexplained either by direct evidence, or by the attending circumstances, or by the character and habits of life of the possessor, or otherwise, it is taken as conclusive. (1 Greenl. Ev. § 34.) And the strength and character of this presumption will depend very much on the kind and description of the property, when considering the recent possession and all the various circumstances surrounding the case. (State v. Bruin, 34 Mo. 537.)

Judgment affirmed. The other judges concur.