STATE OF MISSOURI, Respondent, v. HENRY DAUBERT, Appellant.

1. *Practice, Criminal — Indictment — Motion compelling to elect.* —The practice is now well settled that a motion to compel the prosecuting attorney to elect upon which count of an indictment he will proceed, is addressed to the sound discretion of the court trying the case, and the Supreme Court will not interfere with that discretion unless it is apparent that it has been exercised oppressively or to the manifest injury of the accused. Where the offense charged in the second count is of the nature of a corollary to the original felony, as in larceny and the receiving of stolen goods, a joinder is good; and whenever there is a legal joinder, the court may exercise its discretion as to an election.

2. *Practice, Criminal — Indictment — Nolle Prosequi.* — Where two defendants were jointly charged, in the same indictment, on two counts: 1, for larceny, and 2, for receiving stolen goods, it was error to permit the circuit attorney to enter a *nolle prosequi* against one defendant upon the first count, and against the other upon the second. The two remaining counts really constituted two indictments, requiring different kinds of proof, and separate and independent verdicts.

3. *Practice, Criminal—Indictment—Larceny—Evidence, what admissible.* — Upon the trial of an indictment for larceny, evidence of the commission of a separate and distinct larceny from that charged is inadmissible. But where the evidence offered directly tends to prove the particular crime charged, it is to be received, although it may also tend to prove the commission of another separate and distinct offense.

4. *Practice, Criminal — Evidence—Verdict.*—If there is no evidence tending to show the commission of a crime, or it is plainly insufficient to justify a verdict of guilty, it is the duty of the court to so declare.

*Appeal from St. Louis Criminal Court.*

*Hudgens*, and *Woerner & Kehr*, for appellant.

I. The court erred in not compelling the circuit attorney to elect between the two counts in the indictment. The power is within the discretion of the court. (1 Chit. Cr. L. 248-9 ; 1 Arch.

State of Missouri v. Daubert.

Cr. Pl. 93–1.) The Supreme Court will not reverse a cause for the exercise of such discretion, "unless in a case where the abuse is most obvious and manifest." (State v. Jackson, 17 Mo. 546.) It was manifest error in the court to permit the introduction of evidence to prove larceny, by proving distinct acts comprehended in other indictments pending at the same time, under color of proving, under the second count, defendant's knowledge that the goods received were stolen goods.

II. The introduction of testimony concerning other alleged felonies was erroneous. The rule that, upon an indictment for receiving stolen goods, evidence may be given of different receipts of goods stolen from the same person, in order to show guilty knowledge, does not comprehend evidence of different acts of stealing (1 Mood. 149; 1 Arch. Cr. Pl. 477, n. 2); more especially if such acts of stealing form the subject of distinct indictments. (State v. Wolff, 15 Mo. 169; State v. Goetz & Martin, 34 Mo. 85; Rex v. Smith, 2 Car. & Payne, 633; Rex v. Oddy, 6 Brit. Cr. Cas. 266; Barton v. The State, 18 Ohio, 223; Walker v. The Commonwealth, 1 Leigh, 574.)

III. The court erred in refusing to instruct the jury for defendant that they ought to acquit. The testimony, if all true, does not prove the commission of larceny as charged in the indictment, nor of receiving stolen property, knowing it to be stolen. (3 Greenl. on Ev. § 161; State v. Smith, 37 Mo. 68; 19 Me. 225; 39 Mo. 426, 535.)

*C. P. Johnson*, Circuit Attorney, for respondent.

I. After the election of count in the indictment, by the circuit attorney, there was no misjoinder of offenses. (1 Arch Cr. Pl. 93–1; 1 Chit. Cr. L. 248–9; Whart. Cr. L. 203.) Whether the prosecutor shall elect is a matter left to the discretion of the court, and the Supreme Court will not reverse for a mistaken exercise of this power, unless in a case where the abuse is most obvious and manifest. (State v. Jackson 17 Mo. 546.) The court should compel the prosecutor to elect only when it is apparent that the charges are actually distinct and may confound the prisoner or distract the attention of the jury. (1 Chit. Cr. L.

248–9 ; 1 Arch. Cr. Pl. 93–1 ; Whart. Cr. L. 667 ; State v. Smith, 37 Mo. 59 ; State v. Jenning, 18 Mo. 435.)

II.   On an indictment for receiving stolen goods, knowing the same to have been stolen, in order to show a guilty knowledge, other instances of receiving such goods may be proved, even though they be the subject of other indictments, antecedent to the receiving in question.   (Whart. Cr. L. 677 ; 2 Brit. Cr. Cas. ; Rex v. Dunn, 1 Mood. 146 ; Rex v. Smith, 2 Car. & Payne, 633 ; State v. Goetz, 34 Mo. 85 ; 2 Russell, 215 ; Haskens v. People, 16 N. Y. 344.)

WAGNER, Judge, delivered the opinion of the court.

Henry Daubert and Louisa Daubert were arraigned on an indictment in the St. Louis Criminal Court.   The indictment contained two counts.   The first count charged the defendants jointly with larceny, in taking and carrying away certain goods, the property of one Charles E. Barney.   The second count charged the defendants with receiving the same goods, knowing them to be stolen.   When the case was called for trial, the counsel for the defendants moved the court to compel the attorney prosecuting for the State to elect on which count he would proceed.   This motion was by the court overruled, and the defendants excepted.   The practice is now well settled that a motion to compel an election is addressed to the sound discretion of the court trying the case, and this court will not interfere with that discretion unless it is apparent that it has been exercised oppressively or to the manifest injury of the accused.   (State v. Jackson, 17 Mo. 544 ; State v. Leonard, 22 Mo. 449 ; State v. Gray, 37 Mo. 463.)   Where the offense charged in the second count is of the nature of a corollary to the original felony, as in larceny and the receiving of stolen goods, a joinder is good ; and whenever there is a legal joinder, the court may exercise its discretion as to an election. There is no such obvious injustice exhibited in the present case as to enable us to say that there was an abuse of a sound discretion. The defendants were jointly put upon their trial, and, after all the testimony was delivered to the jury, the prosecuting attorney entered a *nolle prosequi* as to Henry Daubert on the first count,

and as to Louisa Daubert on the second count. The counsel for the defendants then moved to quash the indictment, but the motion was overruled.

The cause was then submitted to the jury, and they failed to agree on a verdict in the case of Louisa Daubert, but found Henry guilty, and assessed his punishment at two years' imprisonment in the penitentiary. After the usual motions for a new trial and in arrest of judgment being made and decided adversely to the defendant, the case comes here for revision. The proceeding is anomalous, and no precedent has been found supporting the action of the Criminal Court.

As a general rule, where the offenses are several, distinct, and independent, there can be no joinder. The action of the circuit attorney, in entering of record a *nolle prosequi* against Louisa on the second count, and Henry on the first count, changed the whole scope, tenor, and meaning of the indictment. It then, in effect, amounted to an indictment charging two several offenses against distinct defendants, who had no necessary connection with each other.

The count against Louisa, for larceny, was a substantive charge; the count against Henry, for receiving stolen goods, was another distinct charge or offense. It may, with entire propriety, be said that 'they really constituted two indictments, requiring different kinds of proof and separate and independent verdicts. Such a course of procedure, besides being wrong in itself, is calculated to confuse the minds of the jurors, divert their attention from one issue to another, and prevent the observance of those rules which the law has assiduously built up for the protection of the innocent. A striking illustration of the dangerous character of the manner in which the proceeding was conducted is manifested in the present case, where the jury failed to agree as to whether the goods were stolen, and yet they bring in a verdict of guilty against Henry Daubert for receiving the very identical goods, knowing them to be stolen. The multiplying of issues and the joinder of defendants in criminal cases met the decided disapprobation of this court in a case less strong than the one at bar.

In The State v. Devlin, 25 Mo. 175, the defendant was put upon his trial for an alleged misdemeanor; and after the testimony was closed, the court refused to submit the case to the jury, as requested by the defendant, and against his objection called the next case on the docket, being also a case of misdemeanor, and impaneled the same jury, heard the evidence in the latter case, and submitted both causes to the same jury at the same time. It was held in this court that error was committed, and the judgment was reversed. It is true that there were separate indictments in Devlin's case, as there should have been in this, after the action of the circuit attorney at the close of the evidence, or at least he should have abandoned one count wholly. We think the indictment should have been quashed, or that motion in arrest of judgment should have been sustained.

As this case will be remanded for another trial, or further proceedings, we deem it only necessary to glance at one or two remaining points. The court erred palpably in admitting testimony of different acts of larceny, when they were entirely disconnected with the offense charged in the indictment and had no real tendency to prove the same. Upon the trial of an indictment for larceny, evidence of the commission of a separate and distinct larceny from that charged is inadmissible. (State v. Goetz, 34 Mo. 85.) But where the evidence offered directly tends to prove the particular crime charged, it is to be received, although it may also tend to prove the commission of another separate and distinct offense. (State v. Harrold, 38 Mo. 496.)

To admit the evidence, there must be a connection or blending which renders it necessary that the whole matter should be disclosed, in order to show its bearing on the issue before the court. The error in admitting the evidence was not cured by the instruction of the court in withdrawing and excluding it from the consideration of the jury. They had heard it detailed; it had poisoned their minds, and its effects could not be erased from their memories. This rule is so well established, and the matter has been so repeatedly decided by this court, that it is surprising that the courts below will still persist in the practice. As to the sufficiency of the evidence, which has been discussed at length,

there is no controversy about the law that before a person can be convicted of crime the evidence should be clear that a crime has actually been committed; and if there is no evidence tending to prove its commission, or it is plainly insufficient to justify a verdict, it is the duty of the court to so declare. We have found no other errors in the record requiring special comment at the present time.

Let the judgment be reversed and the cause remanded. The other judges concur.