SCAGGS *v.* THE STATE, 8 Smedes and Marshall, 722.

### HOMICIDE.

In cases of homicide it must appear affirmatively that the accused was present at the trial, or it will be error. The presence of the prisoner cannot be inferred.

Declarations are admitted in evidence as part of the *res gestæ* only upon the presumption that they elucidate the facts with which they are connected, having been made without premeditation or artifice, and without a view to the consequences.

Error to Itawamba circuit court. MILLER, J.

The plaintiff in error was indicted in the court below for the murder of Lewis Smith. The defendant was arraigned on the 14th day of September, 1846, and pleaded not guilty.

On the trial, Isaac Bennett, a witness, testified, that on the morning of the 20th of March, 1846, he saw the defendant about a half a mile from his own house, with blood on his hands. On cross-examination he stated that the defendant was coming directly from his (defendant's) house, and traveling in the direction of his father-in-law's. The defendant asked witness how he came to see the blood on his hands; witness answered that defendant had shown them to him; the defendant then asked the witness what Scaggs said when he showed his hands; to the answering of which question the district attorney objected. The court sustained the objection, and the prisoner excepted.

The defendant was found guilty of manslaughter, and sentenced to imprisonment in the penitentiary for twenty-five years. The defendant then moved for a new trial, which was overruled by the court, and the prisoner excepted, and brings the case to this by writ of error, and assigns the following errors:

1. The case was tried in the absence of the prisoner.

2. There is no entry in the record in relation to the commencement of the trial.

3. It appears that the court, having been moved and seduced by the excellent learning to be found in Howard and Hutchinson's Digest, gave in charge about three pages of the penitentiary code from that instructive book.

4. The court erred in excluding from the jury certain evidence adduced on the trial, and in overruling the motion for a new trial.

*Harris & Harrison* for plaintiff in error.

The record contains no statement of the fact that the accused was in court from the 14th until the 19th day of September. The *venire* was made returnable on the 17th, the day of the trial.

The act of 1846 does not apply to criminal cases. Taylor v. Manley, 6 S. & M., 305.

The court should have admitted the evidence which was rejected, and erred in overruling the motion for a new trial. Phill. on Ev., Cow. & Hill's notes, 157, 158, 590, 591, 592, 594, 595 ; 1 Greenl. Ev., §§ 108–110 ; Roscoe Cr. Ev., 22, 23.

*J. D. Freeman,* attorney general.

The statute of 1846, providing that the judge shall not charge the jury unless requested so to do ; or by the second section, unless the charge be reduced to writing, does not apply to criminal cases. The charges in the record are not excepted to, and under the previous statute cannot be a part of the record unless incorporated by a bill of exceptions. 3 S. & M., 295, 614, per Sharkey, C. J.

There are no exceptions taken to the proceedings as regards the special *venire,* and hence they are presumed to be regular.

Thacher, J. :

This was an indictment for murder, preferred in the circuit court of Itawamba county.

An inspection of the record presents to view several irregular proceedings, but it becomes unnecessary to remark at length upon them all, for the purpose of the present decision of this case, or its future progress.

The error which first protrudes itself to notice is the circumstance, that it does not appear that the prisoner was present during the whole of the trial of the indictment. The only evidence of his presence at all, is contained in a bill of exceptions, where he is stated to have asked some questions of a witness, but he does not appear to have been confronted by the witnesses against him, which was his constitutional right. Const. Art. 1, § 10. It must appear in this class of crimes, that the accused was present during his trial, or it will be error. The presence of the prisoner cannot be inferred, but must appear affirmatively, and

for all that appears in this record, the questions directed to the witness by him, might have been propounded in writing.

In view of a future trial, an observation is called for upon an-other point insisted upon for the plaintiff in error. In the examination in chief upon the trial, a witness for the state deposed that on the day upon which the crime is charged to have been committed, he met the accused a half a mile from his house, and that he had blood upon his hands; and that upon cross examination, the witness stated, that the accused was coming from his own house at the time spoken of, and directed his attention to the condition of his hands. The court thereupon refused, upon a question on behalf of the accused for the purpose, to permit the witness to state what the accused said when he showed the blood upon his hands. This statement was properly rejected. It was not sought to be let in as a part of a confession, and it could not be admitted as a part of the *res gestae* or transaction. Declarations are admitted in evidence as part of the *res gestae*, only upon the presumption, that they elucidate the facts with which they are connected, having been made without premeditation or artifice, and without a view to the consequences.* Stark. Ev. 1, 49. It was the accused who called the attention of the witness to the blood upon his hands, and it was reasonable to presume, that he had premeditated his explanation of its cause, when it was also shown that he was half a mile from the spot where the crime was alleged to have been committed, and had sufficient time to determine upon the explanation he would give concerning the circumstance. The explanation, it is true, might have contained nothing but the truth, but it was not of that impulsive character, which distinguishes declarations at the time of the transaction. To have permitted the question to have been answered, would not have been short of permitting the defendant below to make evidence for himself. The State v. Slack, 1 Bailey, 330.

The judgment of the court below is reversed, and the cause

* State v. Hildreth, 9 Iredell, 140; State v. Scott, 1 Hawks, 24; Campbell v. State, 23 Ala., 44; State v. Tilley, 3 Iredell, 424; Gardner v. People, 3 Scam., 83; Bland v. State, 2 Carter, 608; 1 Arch., Cr. Pro. and Pl., 429; Newcomb v. State, 37 Miss., 333; Corbett v. State, 31 Ala., 329; Tupper v. Commonwealth, 1 Metc. (Ky.), 6; Golden v. State, 19 Ark., 590; State v. Jackson, 17 Mo., 544; Bland v. State, 2 Carter, 608; State v. Wisdom, 8 Porter, 511; Wharton Am. Cr. Law., 699.

remanded for a *venire de novo* in this court, for the purpose of a new trial.