THE STATE v. JACKSON, *Appellant.*

Criminal Law : FORGERY : PLEADING. An indictment for the forgery of a promissory note, under Revised Statutes, section 1394, which fails to allege that the act was done with intent to injure or defraud, is fatally defective. The element to injure or defraud is an essential part of the offence.

*Appeal from Jasper Circuit Court.*—HON. M. G. McGREGOR, Judge.

REVERSED.

*T. B. Haughawout* for appellant.

*B. G. Boone*, Attorney General, for the state.

BLACK, J.—By the first count of the indictment in this case the defendant is charged with forging a promissory note, and by the second count with uttering the same. He was acquitted on the second count, but found guilty on the first. The first count is drawn under section 1394, Revised Statutes, 1879, and while it alleges that the defendant unlawfully and feloniously did falsely make and forge the note which is described, still it fails to state that he did this with intent to injure or defraud.

The statute is that, "Every person, who, with intent to injure or defraud, shall falsely make, alter, forge," etc., shall be adjudged guilty of forgery in the third degree. The element to injure or defraud is an essential part of the offence, and being omitted the indictment was bad, and the motion to quash should have been sustained.

The judgment is, therefore, reversed. Henry, C. J., absent; the other judges concur.