# THE STATE v. JAMES B. CARRAGIN, Appellant.

### Division Two, March 17, 1908.

1. **INFORMATION: Two Felonies in Different Counts.** Different felonies growing out of the same transaction may be joined in the same indictment or information, provided the felonies are of the same degree and will admit of the same legal judgment, as, for example, counts for forgery and for uttering the same forged instrument as true knowing it to be false and forged.

2. ————: ————: **Conviction of Both.** But a defendant cannot be convicted of both distinct felonies charged in the same information, though they are of a cognate character. And it is error to instruct the jury that they may find defendant guilty under both counts; for instance, where the information charges forgery in the first count, and uttering the same forged instrument in the second count, the jury cannot be so instructed, even though the evidence may be sufficient to sustain a verdict upon both counts, and if the jury finds him guilty under both counts the verdict cannot stand.

3. ————: ————: ————: **Election.** The court, where cognate felonies growing out of the same transaction are charged in different counts, may instruct the jury to find defendant guilty under either, but not both, or it may compel the State to elect at the close of the evidence upon which count it will go to the jury.

4. **FORGERY: Variance.** Where the forged instrument set out in the information showed an indorsement by Baker alone, whose indorsement was charged to be forged, and the instrument offered in evidence showed both Baker's indorsement and defendant's genuine indorsement, there was no fatal variance between the information and proof.

5. ————: **Of Indorsement.** A note made payable to defendant, signed by him, and having the name of another indorsed on the back by defendant, is a writing and written instrument within the meaning of the statute, Sec. 2019, R. S. 1899.

Appeal from St. Louis City Circuit Court.—*Hon. Wm. M. Kinsey,* Judge.

REVERSED AND REMANDED.

*Thos B. Harvey* for appellant.

The court erred in denying defendant's motion to require the State to elect, at close of all the evidence; and again erred in telling the jury in its fourth instruction that they could convict of both offenses, and which said instruction was pointedly excepted to by defendant. The great weight of authority and the best considered cases sustain the following, to-wit: (1) Several counts may charge the commission of the offense in various ways in order to meet the proof. (2)

In the absence of statute defining what offenses may be joined, an indictment containing counts for offenses of the same character and growing out of the same transaction, will not be demurrable; but the prosecution will be required to elect.   (3)  In no event can a defendant be lawfully tried at the same time for two distinct and separate felonies; and a judgment for the two offenses will be set aside.   Crawford v. State, 31 Tex. Crim. Rep. 53; Pitts v. State, 40 Tex. Crim. Rep. 667; 19 Cyc., 1410B; 9 Ency. Pl. and Pr., 600, 604; Kelley, Crim. Law and Pr., p. 123.

*Herbert S. Hadley,* Attorney-General, and *Rush C. Lake,* Assistant Attorney-General, for the State.

(1)  The information is in the approved form, and meets the requirements of the statute.   It correctly describes the instrument alleged to be the subject of forgery, and also the name of the person forged thereto. State v. Fenly, 18 Mo. 445; State v. Pierce, 136 Mo. 34.   (2)  The instructions properly declare the law as applicable to facts proven.   (3)  It was not error for the court to overrule the defendant's motion  to require the State to elect "upon which count it would stand and go to the jury."   The "forgery" and the "uttering of forged paper," are two separate and distinct offenses.   Both may be, and in this case were, properly pleaded in one information, but under two separate counts; the first charging the forgery; and the second charging the uttering of forged paper.   The jury might, under the information, have found the defendant guilty upon one count and not guilty under the other, according as they find the facts to warrant their conclusion under the law.   However, the jury found for the State under both counts of the information.   (4) Although the instrument, upon its face, as set out in the information, may have been of no binding effect,

210 Sup—23

it may nevertheless be the subject of forgery. State v. Eades, 68 Mo. 150; People v. Munroe, 100 Cal. 664; People v. Baker, 100 Cal. 188.

GANTT, J.—At the December term, 1905, the circuit attorney of the city of St. Louis filed an information, duly verified, in two counts, charging the defendant in the first count with forgery, and in the second count with uttering said forged paper. The substantive part of both counts is as follows:

"That James B. Carragin on or about the ninth day of April in the year of our Lord, one thousand nine hundred and three, at the city of St. Louis aforesaid, feloniously and wilfully did forge, counterfeit and falsely make a certain false, forged and counterfeit endorsement upon the back of a certain promissory note by which a pecuniary demand, obligation, right and claim to money purported to be conveyed, transferred and created, said endorsement purporting to be made by one J. B. Baker, which said false, forged and counterfeit endorsement was so forged, counterfeited and falsely made upon a promissory note of the tenor following, that is to say,

"'$75.00.        St. Louis, Mo., April 9th, 1903.

"Thirty days after date I promise to pay to the order of Jas. B. Carragin, seventy-five-00.00 dollars, for value received at the International Bank of St. Louis, with interest from date at the rate of eight per cent per annum.

"'JAS. B. CARRAGIN.'

And which said false, forged and counterfeit endorsement on the back of said promissory note is of the tenor following, that is to say—

"'J. B. BAKER.'

with intent thereby then and there feloniously to in-

jure and defraud; against the peace and dignity of the State.

"And the said Richard M. Johnson, Assistant Circuit Attorney as aforesaid, upon his oath aforesaid, further information makes that James B. Carragin on or about the 9th day of April, one thousand nine hundred and three, at the city of St. Louis aforesaid, unlawfully and feloniously had in his custody and possession a certain false, forged and counterfeit endorsement upon the back of a certain promissory note, and by which said false, forged and counterfeit endorsement as aforesaid, a pecuniary demand, obligation, right and claim to money purported to be conveyed, transferred and created, said endorsement purported to be made by one J. B. Baker, and which said false, forged and counterfeit endorsement was so forged and counterfeited and falsely made upon a promissory note of the tenor following, that is to say,

" '$75.00.          St. Louis, Mo., April 9th, 1903.
"Thirty days after date I promise to pay to the order of Jas. B. Carragin, seventy-five 00-00 dollars, for value received at the International Bank of St. Louis, with interest from date at the rate of eight per cent per annum.
" 'JAS. B. CARRAGIN.'
And which said false, forged and counterfeit endorsement on the back of said promissory note, is of the tenor following, that is to say—
" 'J. B. BAKER.'
and that the said James B. Carragin did afterwards, to-wit, on or about said ninth day of April, one thousand nine hundred and three, at the city of St. Louis aforesaid, State aforesaid, unlawfully and feloniously with intent to injure and defraud, pass, utter and publish as true the said falsely made, forged and counterfeit endorsement upon the said promissory note to John W. Benstein, he the said James B. Carragin then

and there well knowing the said endorsement upon said promissory note to be falsely made, forged and counterfeited; against the peace and dignity of the State.''

The evidence on the part of the State tended to prove that one Doctor Rice and John W. Benstein and the defendant were promoting a World's Fair concession in 1904, all owning stock and being interested therein. Benstein had loaned the defendant money several times until an indebtedness of several hundred dollars existed in his favor against defendant. Defendant made an application for a loan of $75 and Benstein agreed to loan it to him if he would give additional security, and the defendant said that one J. B. Baker would sign the note. It appears that Benstein then drew the note as set out in the information, and Carragin, the defendant, signed it and took the note to get the additional name on it, and a few hours later returned with the endorsement thereon of J. B. Baker. Thereupon Benstein let him have the $75 and took the note and afterwards deposited it with the International Bank for collection. When it was due it was protested for non-payment. Baker who was away from St. Louis at the time the note was protested, testified that he promptly wrote the notary and the bank that he had not signed the note, and when he saw Benstein notified him to the same effect. Benstein had never met Baker prior to the execution of the note, but knew of the Baker family and understood that they were people of standing and reputation and he testified that upon the strength of that indorsement he took the note and let the defendant have the money. Benstein notified Carragin that Baker denied his signature on the note and defendant agreed to take it up. In March, 1904, Doctor Rice took from Benstein, among others, this note. Dr. Rice is the prosecuting witness in this case. The defendant admitted the execution of the note by himself and his own indorsement of it and its delivery

to Benstein, but denies that he signed Baker's name to it. He explained that after he received the note from Benstein, he took it to Lippe's restaurant in St. Louis expecting to find Baker, but missed him and turned it over to one Neilson, who was to wait for Baker and have Baker sign it, and when he returned, Neilson gave him the note with the signature endorsed on it, "J. B. Baker," and he then delivered it to Benstein. Neilson did not testify in the case. At the close of the State's case, the defendant moved the court to direct the jury to acquit him because the note offered in evidence by the State was not the note purporting to be set forth according to the tenor of the information and because a writing such as set forth in the information could not be the subject of forgery unless the name of the maker and payee, they being one and the same persons, be indorsed on the back of said writing, and unless indorsed, the paper was a nullity as it imposed no pecuniary liability upon any one, and on the ground that the variance between the writing set out in the information and that introduced in evidence was fatal. The court overruled this motion and defendant excepted.

The court charged the jury that in the first count of the information defendant was charged with the forgery of an indorsement of the note therein set out, and in the second count he was charged with passing, uttering and publishing as true the forged indorsement. The court then instructed the jury that if at any time within three years next, before the filing of the information, the defendant knowingly and wilfully did forge, counterfeit and falsely make an indorsement of the name of J. B. Baker on the instrument described in the said first count, and that said indorsement purported to be the act of said J. B. Baker, and purported to be the written promise and undertaking of said Baker to pay the sum of $75 to the order of J. B. Carra-

gin, thirty days after the 9th day of April, 1903, for value received, and that defendant knowingly and wilfully forged, counterfeited and falsely made said indorsement with the intent then and there and thereby to cheat, injure and defraud, they would find him guilty of forgery in the third degree and assess his punishment at imprisonment in the penitentiary for a term of not less than two years or more than seven years, and unless they so believe from the evidence they would acquit him from the charge of forgery contained in the said first count. The court further instructed the jury that if at any time within three years next before the filing of the information, the defendant knowingly and wilfully did pass, utter and publish as true, to one John W. Benstein, the instrument set out in the second count of said information, and that said instrument had indorsed thereon the name of J. B. Baker, which indorsement purported to be the act of said Baker, and that the said indorsement was not the true and genuine act of said Baker, but was at the time forged, counterfeited and falsely made and the defendant at the time knew said indorsement was forged, counterfeited and falsely made and that he so passed, uttered and published the same as true, with the intent then and thereby to cheat and defraud, they would find him guilty of forgery in the third degree as charged in the second count and assess his punishment at imprisonment in the penitentiary for a term of not less than two years or more than seven years, and unless they so believe, they would acquit defendant of the charge of forgery in said second count. The court then charged the jury that "under the information and the evidence in this case you may find the defendant guilty under both counts of the information, or you may acquit him under both counts of the information, or you may convict him under one count and acquit under the other, according as you may find the

facts to be.'' To the giving of all of the instructions the defendant duly objected and saved his exceptions for the reason that they did not properly declare the law applicable to the facts and did not correctly declare the law arising under such facts, and because the court improperly directed the jury that they might convict of both offenses.

Under the evidence and the instructions of the court the jury found the defendant guilty of forgery in the third degree as charged in both of said counts and assessed his punishment on the first count at imprisonment in the penitentiary for two years and on the second count for an additional term of two years. A motion for new trial was lodged in due time on the ground that the verdict was against the law and the evidence and because the court overruled defendant's motion to require the State to elect on which count it should proceed to the jury and because the instructions were improper and incorrect. This motion was overruled and the defendant duly excepted. The defendant then filed his motion in arrest, challenging the sufficiency of the information on various grounds, which motion was also overruled, and defendant was sentenced in accordance with the verdict, and from that sentence appeals to this court.

I. The principal insistence for a reversal of the judgment is that the court erred in refusing defendant's motion at the close of the evidence to require the State to elect upon which count it would go to the jury and in instructing the jury that they might convict the defendant of both offenses over the objections and exceptions of the defendant. This record presents fairly and squarely the proposition that the defendant cannot be tried and convicted of two distinct felonies under one indictment in one trial. It is insisted by the learned counsel for the defendant that while several

counts may be joined in one indictment or information, when the purpose of the various counts is simply designed and calculated to adapt the pleadings to the different aspects in which the evidence on the trial may present a single transaction, yet, in such cases, the defendant can be convicted of one offense only. And that in the absence of a statute defining what offenses may be joined, an indictment containing two or more counts for offenses of the same character and growing out of the same transaction, will not be demurrable, but the prosecution will be required to elect, but that in no event can a defendant be lawfully tried at the same time for two distinct and separate felonies and be convicted of both.

By section 1891, Revised Statutes 1899, it is provided: "If any person in committing burglary shall also commit a larceny, he may be prosecuted for both offenses in the same count, or in separate counts of the same indictment, and, on conviction of such burglary and larceny, shall be punished by imprisonment in the penitentiary, in addition to the punishment hereinbefore prescribed for the burglary, not less than two nor exceeding five years." And by section 2523, it is provided that "counts for larceny and embezzlement may be joined in the same indictment, and counts for larceny and obtaining any property or instrument by false pretenses or tokens may be joined in the same indictment." And by section 2524, "when, by law, an offense comprises different degrees, an indictment may contain counts for the different degrees of the same offense, or for any of such dgrees."

In some states, for instance, Arkansas, Iowa and New York, it is provided by statute that, "An indictment, except in cases mentioned, must charge but one offense." But we have no such express statutory provision in Missouri.

In State v. Porter, 26 Mo. 201, the indictment con-

tained three counts, one for larceny and two for embezzlement, and the defendant moved the court to compel the prosecutor to elect upon which count he would proceed, which the court refused, and it was assigned as error. After reciting the statute of 1855, which provided, "Counts for larceny and embezzlement may be joined in the same indictment," and a statute then known as section 15 of article 9 of the act concerning crimes, which declared that upon an indictment for larceny, a defendant might be convicted of embezzlement, and *vice-versa*, he might be convicted of larceny under an indictment for embezzlement, this court said: "In point of law, however, and without reference to these statutes, it is not error to insert in the same indictment several distinct felonies, though committed at different times, *provided*, they are of the same degree, and will admit of the same legal judgment. If the several counts refer to different transactions, in point of fact, it is a matter of discretion with the court to compel the prosecutor to elect upon which count he will proceed, and the power ought to be exercised in cases where the offenses are distinct and of a different nature and calculated to confound the defense. Where the offenses are of the same character, differing only in degree, as, for example, forging a note, and publishing it knowing it to be false, the defendant may be tried upon both charges under the same indictment." Upon this statement of the law, the State bases its claim that it was perfectly competent, not only to unite in the indictment in this case the two counts, one for forgery and the other for uttering the false instrument knowing it to be forged, but that it was entirely proper to submit both offenses to the jury, and that a conviction and sentence for both should be sustained.

It will be observed that in State v. Porter, supra, there was an express statute, which permitted counts for larceny and embezzlement to be joined in the same

indictment and another statute expressly provided that upon an indictment for larceny the accused might be convicted of embezzlement, and *vice-versa* that he might be convicted of larceny on indictment for embezzlement, and hence there can be no doubt whatever under our statutory law that counts for larceny and embezzlement could be joined, and therefore the facts in that case did not call for the statement made in that opinion that "it is not error to insert in the same indictment several distinct felonies committed at different times." Moreover, in the same opinion Judge NAPTON said: "All the counts in this indictment relate to the same transactions, and are framed on different sections of the statute to meet the evidence which the trial might elicit." After a careful consideration of this case, we think that the assertion that distinct offenses committed at different times may be joined in the same indictment, states the rule too broadly, and if it is meant thereby, as is insisted by the State, that a party may be charged with distinct felonies committed at different times, that they may be joined in the same indictment and he may be punished for both, then such a rule is contrary to the great weight of authority in this country. The case upon which the learned judge evidently based his statement is People v. Rynders, 12 Wend. 425. That was an indictment for forgery of a check and for publishing it as true knowing it to be false. SAVAGE, C. J., said: "Was the district attorney compelled to elect which count he would proceed upon? That there would be an incongruity in incorporating in the same indictment offenses of a different character, such for instance as forgery or perjury, cannot be denied, and that in such case, the court would refuse to hear a trial upon both, there can be no doubt; but when offenses of the same character, differing only in degree, are united in the same indictment, the prisoner may and ought to be tried on

both charges at the same time. Such is this case. The prisoner was indicted for forging the check, and also for publishing it as true, knowing it to be false. These are different offenses, and punished with different degrees of severity, but were properly united, both in the indictment and the trial. The prisoner might be convicted of one, and not of the other. So also I might give instances of murder or manslaughter, of grand larceny and petit larceny, and an assault with intent to murder, etc.; in which case no court would refuse to try the prisoner upon all the offenses charged." In that case, however, the trial court did not instruct the jury they could find the defendant guilty under both counts, but told the jury that they could find him guilty if they believed he did either. From the report of the case it does not appear what the verdict of the jury was, save by inference, that they found him simply guilty of forgery according to the common law practice and left it to the court to impose the sentence and punishment, and it does not appear that the court inflicted punishment on each of the counts in the indictment.

In State v. Gray, 37 Mo. 464, the defendant was indicted for larceny and receiving stolen goods knowing them to have been stolen. He was found guilty by the jury of receiving stolen goods knowing them to have been stolen. It was insisted in this court that the circuit court erred in refusing to compel the State to elect on which count in the indictment a conviction was sought, but this court said: "The practice is well settled and firmly established in this State, that a motion to compel the prosecutor to elect the count on which the trial shall be had, is always addressed to the discretion of the court, and this court will not interfere with the exercise of this discretion, unless it is manifest that it has been abused to the obvious and palpable detriment of the accused. It is often indis-

pensably necessary to include several counts in the same indictment, to meet the proofs which may be given on the trial; and to arbitrarily compel an election in all instances would tend to cripple prosecutions and defeat the ends of justice. [State v. Jackson, 17 Mo. 544; State v. Leonard, 22 Mo. 449.] . . . In the case here, the indictment contained two counts; one for grand larceny, the other for receiving stolen goods. No evidence was given as far as one of the counts was concerned (to-wit, larceny), and the ruling of the court could in no wise operate to the injury or prejudice of the prisoner.''

The case of State v. Jackson, 17 Mo. 544, was for an assault with intent to kill, and there were several counts in the indictment, and the defendant moved the court to compel the State to elect under which count it would proceed, and this was denied. This court said: ''When the court can see from the indictment that there is but one crime charged, although there are several counts in which the transaction is set forth in a different manner, and with different words, and different averments, calculated to meet the different statements of the witnesses who are expected to prove the offense, it would cripple the prosecution to make the State elect,'' and held there was no error in overruling the motion to elect, because, ''the indictment shows that the shooting was the offense and the counts set forth and alleged this offense in different phraseology.'' And to the same effect was State v. Leonard, 22 Mo. 449, which was an assault with malice aforethought with intent to kill, and the defendant was found guilty on the first count and not on the second.

In State v. Daubert, 42 Mo. 242, the indictment contained two counts, the first for larceny, and the second for receiving stolen goods knowing them to have been stolen. There were two defendants jointly charged; there was a motion to elect, which was over-

ruled. WAGNER, J., in reviewing the action of the court in refusing to require an election, said: ''Where the offense charged in the second count is of the nature of a corollary to the original felony, as in larceny and the receiving of stolen goods, a joinder is good; and whenever there is a legal joinder, the court may exercise its discretion as to an election. There is no such obvious injustice exhibited in the present case as to enable us to say that there was abuse of a sound discretion. The defendants were jointly put upon their trial, and, after all the testimony was delivered to the jury, the prosecuting attorney entered a *nolle prosequi* as to Henry Daubert on the first count, and as to Louisa Daubert on the second count. The defendants then moved to quash the indictment, but the motion was overruled. There was a mistrial as to Louisa and a verdict of guilty as to Henry. The proceeding is anomalous and no precedent has been found supporting the action of the criminal court. As a general rule, where the offenses are several, distinct and independent, there can be no joinder. The action of the circuit attorney in entering a *nolle* against Louisa on the second count, and Henry on the first count, changed the whole scope, tenor and meaning of the indictment. It then amounted to an indictment charging two several offenses against distinct defendants, who had no necessary connection with each other.'' And accordingly the judgment was reversed.

In State v. Richmond, 186 Mo. 71, it was ruled that it was proper to join counts for larceny and receiving stolen goods in the same indictment, but in that case the court required the State, at the close of the evidence, to elect, and the case proceeded for receiving stolen goods alone, and it was ruled that no possible error could have resulted to the defendant from the joinder, in view of the election required by the court.

In State v. Hargraves, 188 Mo. 348, the indictment was for murder in four different counts, and it was ruled that this was entirely proper, citing State v. Porter, 26 Mo. 201, and State v. Pitts, 58 Mo. 556.

Numerous other cases are to be found in this State which announce the same general doctrine of the above-cited cases, so that it may be confidently stated that the practice is well settled and entirely proper to insert several counts charging the same felony in different ways to meet the varied phases of the evidence, and that it is not error to join in the same indictment counts for different felonies growing out of the same transaction, provided they are of the same degree and will admit of the same legal judgment, as counts for larceny and receiving stolen goods knowing them to have been stolen, and counts for forgery and for uttering and publishing the same forged instrument as true knowing it to be false and forged. So that while forgery is one offense and uttering a forged instrument as genuine is a distinct offense, as held by this court in State v. Williams, 152 Mo. 115, and the cases therein cited, they are offenses of cognate character, or in the language of Judge WAGNER, in State v. Daubert, 42 Mo. 242, the one is in the nature of a corollary to the other and intimately connected with the same transaction, and there was no error in not requiring the prosecution to elect upon which count it would seek a conviction. But while this court has uniformly ruled that these two offenses may be charged in the same indictment in separate counts, it has not held that a defendant could be convicted of both of said felonies under one indictment and in one trial. No trouble whatever is experienced in submitting to a jury different grades of the same offense and leaving them to find the particular degree of offense of which the prisoner may be guilty under proper instructions as to the essentials of each grade, as in murder and manslaughter,

grand and petit larceny, assaults with intent to kill and common assaults. And there is authority that this court considered it not improper to submit to the jury both the counts under an indictment charging the defendant in one with larceny and in the other with receiving stolen goods knowing them to have been stolen. This was evidently the case in State v. Sutton, 64 Mo. 107, in which case the defendant moved the court to require the State to elect on which count it would go to trial, but it was overruled, this court saying in that case the several counts refer to the same transaction in point of fact and only a single offense was intended to be charged. The two counts were resorted to to meet the evidence as it might transpire on the trial. The party could not have been convicted of both stealing the tobacco and receiving it knowing it to have been stolen. If guilty under the first he could not have been convicted under the second, and *vice-versa.* The court did not err in overruling the motion. In that case the jury found the defendant guilty under the second count. We can readily see that, under proper instructions submitting to the jury the guilt of the defendant in the alternative, this course was proper and in many cases would work no injustice to the defendant, as the State might be seriously crippled if it were not permitted to go to the jury upon the evidence as to the different phases of the testimony and it might not always be proper to require the State to elect at its peril upon which count it would seek a conviction. In State v. Jackson, 89 Mo. 561, the State was not required to elect in the first instance, but the court instructed the jury to acquit on the second count.

In Crawford v. State, 31 Tex. Crim. l. c. 54, the prisoner was indicted for forgery and uttering a forged instrument, and under the charge of the court was found guilty of both offenses and punished by imprisonment in the penitentiary for two years for each;

from that conviction, he appealed. Said the court: "Can defendant be convicted of two felonies under the same indictment, and be punished for each? The learned trial judge admits in his argument that there is no precedent for such a proceeding as the one at bar to be found in the Texas decisions, nor, indeed, can any well-considered case be found in any State, except in those courts in which the judge assesses the punishment, and where he is limited in the aggregate to the highest punishment that can be given upon any one count. We have no such law in Texas. We have no desire to establish any such precedent, and certainly have no occasion to do so in a case like this, in which a paltry order for $1.50 was drawn by an ignorant negro, in his employer's name (for whom he was working on shares), upon a country merchant. The object in inserting various counts in an indictment is not to secure separate convictions for as many counts, but to meet the various phases of the testimony; and it is permissible and proper to charge all the felonies which go to make up the offense committed by the defendant, but not to charge different offenses committed at different times and in different transactions. If that could be done, a man could be crushed by accumulating charges, or injured by their solemn presentation to the jury. Where two or more felonies are charged in the same indictment, the presumption is, they are parts of the same transaction, and are to be sustained by the same evidence; and while they all may be submitted to the jury, there can be but one conviction, which, as it were, appropriates the guilty intent which runs through and connects these several acts or offenses and makes them one." The learned court then cites, in support of this statement of the law, Bishop on Crim. Proc., sec. 448; Archb. Crim. Proc., 295, and note.

In Mayo v. State, 30 Ala. 32, WALKER, J., in re-

ferring to People v. Rynders, 12 Wend. 425; Archb.
Crim. Pleading, 95, note one, and other authorities,
said: "The principle to be extracted from these au-
thorities is, that the court should always interpose,
either by quashing the indictment, or by compelling an
election, where the attempt is made, as manifested by
either the indictment or the evidence, to convict the
accused of two or more offenses growing out of distinct
and separate transactions; but should never interpose
in either mode, where the joinder is simply designed
and calculated to adapt the pleading to the different
aspects in which the evidence on the trial may present
a single transaction. It is not in any way shown that
the purpose or effect of the joinder in this case was
to require the accused to answer two distinct offenses;
and the court, therefore, properly refused to compel
an election by the State." In that case, the joinder
was embezzlement and larceny, and the court confined
the State to a single transaction and directed the jury
to consider only the charge of embezzlement. To the
same effect is People v. Kemp, 76 Mich. 410, the Su-
preme Court saying: "The court was not in error
in refusing to require the prosecutor to elect upon
which count he would claim a conviction. All the counts
were for forging and uttering the same identical in-
dorsement upon the check, and the same check and
indorsements were set out in each count of the infor-
mation. In such case, the prosecutor should not be
required to elect."

In State v. Lincoln, 49 N. H. l. c. 471, the court
said: "Where different offenses are joined in one
indictment, the prosecutor will not be compelled to
elect at the outset, for that would take away all the
advantage of adapting the indictment to the contin-
gencies of the evidence; but the court will always take
care that the defendant is not convicted of two offenses

210 Sup—24

under the same indictment." [See, also, McGregg's Case, 4 Blackf. (Ind.) 103.]

In Wharton's Crim. Pleading and Practice (9 Ed.), section 737, it is said that the practice at common law, when there is a general verdict of guilty upon several counts in the indictment relating to the same transaction, is to render judgment on the count charging the highest grade of offense, the prosecution either expressly or tacitly withdrawing the other counts. And this is the rule in New York, and we think this practice should be kept in view in considering the cases from those states in which the practice still obtains of restricting the jury to a verdict of guilty or not guilty and leaving it to the court to assess the punishment.

In People v. Adler, 140 N. Y. 331, the indictment was for forgery in one count and for uttering the same forged instrument in another count, and the court held that the joinder was proper, and said: "Where the accusation is of the commission of a certain crime, and the indictment sets forth two or more offenses of the same nature, based upon the same or a continuous set of facts, either of which offenses make him guilty of the same crime, the prisoner cannot be prejudiced." In People v. Frank, 28 Cal. 513, it was held that where, in defining an offense, a statute enumerates a series of acts, either of which separately, or altogether, may constitute the offense, all such acts may be charged in a single count, for the reason that, notwithstanding each act may by itself constitute the offense, all of them together do no more, and likewise constitute but one and the same offense; and that an indictment which charged the defendant in the same count with having forged an indorsement on a draft, and also with having uttered and passed the draft knowing the forged indorsement to have been written thereon, did not charge the two offenses.    With us, however, the two

offenses could not be properly charged in the same count. In State v. Jackson, 90 Mo. 156, the indictment contained two counts, one for forging a promissory note and the other for uttering the same. Among other things, it was said by this court: "It is also insisted that the judgment should be reversed because the jury returned a general verdict of guilty. Under the rule of this court in the cases of State v. Pitts, 58 Mo. 556; State v. Hollenscheit, 61 Mo. 302, and State v. Scott, 39 Mo. 424, a general verdict is sufficient when the two counts in one indictment relate to the same transaction, or when each count is framed on a different section of the statute relating to the same offense."

From the foregoing authorities we deduce the principle that it would have been proper for the circuit court to have instructed the jury on the evidence produced in this case, after defining what would constitute a forgery of the indorsement, and uttering the same, that they might find the defendant guilty under either count of the indictment accordingly as they found the facts to be, but not upon *both,* or have required the prosecuting attorney at the close of the evidence to have elected upon which count he would ask a conviction. In instructing the jury that they might find the defendant guilty under *both* counts, and in refusing to require the prosecuting attorney to elect after all the evidence was in, the court committed reversible error. We know of no case under our practice in which an accused may be tried and convicted of two distinct felonies except in the case of burglary and larceny, which is expressly allowed by statute.

II. Again it is insisted that there was a fatal variance between the instrument described in the information and the note offered in evidence. The information did not allege and set out in its description of

the forged instrument the indorsement of the defendant Carragin thereon, but the note offered in evidence had the indorsement of the defendant, the maker of the note, on it. Section 2534, Revised Statutes 1899, provides that: "Whenever . . . there shall appear to be any variance between the statement in the indictment or information and the evidence offered in proof thereof, . . . in the name or description of any matter or thing whatsoever. therein named or described, . . . such variance shall not be deemed grounds for an acquittal, unless the court before which the trial shall be had shall find that such variance is material to the merits of the case and prejudicial to the defense of the defendant." The circuit court has not so found and we think it obvious that the mere omission in the information of the genuine indorsement of defendant on the note is not reversible error.

III. As to the last assignment of error, that the indorsement was not such an "instrument or writing" as is contemplated by the statute denouncing forgery, we think that an indorsement comes clearly within the letter and the spirit of our statute, section 2019, Revised Statutes 1899, which provides: "Every instrument, partly printed and partly written, or wholly printed, with a written signature thereto, and every signature of an individual, firm or corporate body, . . . and every writing purported to be such signature, shall be deemed *a writing and a written instrument* within the meaning of the provisions of this chapter."

For the reason that the court erroneously refused to require the circuit attorney to elect on which count he would go to the jury and directed the jury they could convict defendant on both counts, and defendant was convicted on both counts, the judgment is reversed and the cause remanded for new trial.

*Fox, P. J.,* and *Burgess, J.,* concur.