State v. Porter.

⸺⸺◄●●►⸺⸺

THE STATE, Defendant in Error, v. PORTER, Plaintiff in Error.

26   201
106   652
106   658

26   201
109   660
111   485

26   201
137   270

26   201
144   39
144   319

1. Counts for larceny and embezzlement may be joined in the same indictment; and where they relate to the same transaction it is not error to refuse to compel the prosecutor to elect upon which count he would proceed.
2. The words "belonging to any other person," in section 39 of article 3 of the act concerning crimes and punishments (R. C. 1855, p. 579), mean any other person than the officer, servant, &c., guilty of embezzlement.
3. In an indictment founded on section 39 of article 3 of the act concerning crimes and punishments (R. C. 1855, p. 579), it is not necessary that the prosecution should prove by direct and positive evidence that the conversion charged is without the consent of a railroad corporation, the alleged master or employer.
4. In an indictment founded on section 37 of the "act to authorize the formation of railroad associations and to regulate the same" (R. C. 1855, p. 430), it is not necessary to allege a neglect or refusal on the part of defendant to pay over on demand the moneys, &c., alleged to have been converted.
5. In the case of an indictment against a ticket agent for embezzling funds belonging to a railroad company it is competent for the prosecution to show the course of business pursued by the defendant and required by the rules of the company by introducing in evidence duplicate blank returns used by the ticket agents of the company; the prosecution is not bound in such case to resort to the blank returns actually filled up and transmitted by the defendant as ticket agent to the treasurer of the company.

6. It is not error to permit a witness for the prosecution to be recalled and re-examined after the evidence on the part of the prosecution and also on the part of the defence is closed.

*Error to Cole Circuit Court.*

This was an indictment against James J. Porter for larceny and embezzlement as the agent of the Pacific Railroad. The indictment contained three counts; one for embezzlement, framed on the 39th section of article 3 of the act concerning crimes and punishments (R. C. 1855, p. 579); one for larceny, on section 25 of article 3 of said act, and the third for embezzlement, on section 37 of the act concerning railroad corporations (R. C. 1855, p. 430).

The defendant moved the court to quash the first and third counts of the indictment. The motion was overruled. The defendant then moved the court to require the prosecution to elect the count of the indictment upon which the defendant should be tried. The court refused the motion.

During the progress of the trial the court admitted in evidence, against the objection of defendant, a blank form for a ticket agent's return. These blanks read as follows:

" N. B. Agents are required to remit to the treasurer daily all moneys received by them on account of the company, deducting only the amount paid for expenses or freight forwarded.

" Pacific Railroad, —— station, ——185—. Samuel Copp, jr., treasurer. Sir:—The receipts of this office this day have been as follows, viz: For freight and charges on goods received and on goods forwarded, including extra baggage, storage and interest, $——; from passengers, as per report No. —— to general ticket agent, $——; total, $——. I hand you herewith cash to balance.

[Signed]      —— ——, Agent."

The evidence showed that the blank receipts or returns filled up by defendant Porter and transmitted to the treasurer of the company were similar to the above.

After the close of the evidence on both sides and the in-

structions were agreed upon by the court, the court permitted the prosecution to recall witnesses and give additional testimony. Exceptions were duly taken.

*Parsons* and *Edwards*, for plaintiff in error.

I. The defendant could not be indicted for embezzling from the company, he being their agent. The words "any other person" do not refer to the principal or employer. The first count is bad.

II. The third count is like the first excepting that it does not charge embezzlement in terms, but a felonious conversion. It is insisted that this count is under section 39 of article 3 of the act concerning crimes and punishments, and bad for a like reason as the first. To make the indictment good under the railroad act, it was necessary to allege a conversion and a demand and a refusal to account. Nor is the conversion in this case alleged to have been without the consent of the company.

III. The blank return read in evidence was inadmissible. It did not appear that the blank had ever been in the custody of the prisoner or that he had ever seen it. Nor did it appear that the prisoner had ever adopted this blank. His returns were in the possession of the prosecution. They should have been required to produce them as the best evidence of the form and substance of the returns the prisoner was in the habit of making. (1 Greenl. Ev. 99; 2 Cow. & Hill's Notes, 540; Commonwealth v. Kinnison, 4 Mass. 646.)

IV. The first and second instructions given at the instance of the prosecution are erroneous. The same objections apply to them as to the first and third counts of the indictment. The fifth instruction is erroneous. It was necessary to show under the first count by positive proof, if attainable, that the conversion was without the assent of the employers, the Pacific Railroad Company. (Williams v. East India Co. 3 East, 193, 201; 2 Cow. & Hill's Notes, 423–4; Rex v. Rogers, 2 Camp. 654.) This was a material averment, yet no direct or positive evidence was introduced to support it.

Mr. McPherson, the president, did not swear that the conversion was without the consent of the company; nor was any officer having control of the funds of the company produced on the trial. The objection was not removed by the confession of the prisoner. (People v. Hennessy, 15 Wend. 154.) The 25th instruction asked by defendant should have been given.

V. It was too late, after the close of the testimony and the court had declared the law of the case, for the prosecution to offer other evidence in chief.

VI. The 14th instruction should have been given. The jury were bound to know what kind of funds had been embezzled. Judgment could not be rendered for the conversion of funds unknown.

VII. There was no evidence except the prisoner's confessions that any crime had been committed.

*Ewing*, (attorney general,) for the State.

I. It was not necessary to allege in the third count of the indictment the *non-assent* of the Pacific Railroad Company. (1 R. C. 1855, p. 430.)

II. A motion does not lie to quash an indictment for a felony. (State v. Rector, 11 Mo. 28; State v. Smith, 16 Mo. 550; 1 Chitt. Crim. Law, 300.)

III. The motion to require the prosecution to elect on which count they would proceed to trial was properly overruled. (R. C. 1855, p. 640; R. C. 1855, p. 1176; State v. Jackson, 17 Mo. 544; State v. Lenard, 22 Mo. 449; 3 Hill, 160; Bailey v. Ohio, 4 Ohio, State R. 440.)

IV. The blank forms of reports made by defendant, as agent of the Pacific Railroad, to the treasurer of the company were original and primary evidence.

V. It was a matter of discretion with the court below to permit the State to give further testimony after the defence had closed their testimony. (Rucker v. Eddings, 7 Mo. 115; Brown v. Burrows, 8 Mo. 26; 4 Binn. 198; 5 Binn. 489.)

VI. The court committed no error in giving or refusing

instructions. (Huter v. State, 2 Mo. 135 ; Hawkins v. State, 7 Mo. 192 ; Roscoe C. E. 41 ; Whart. C. L. 420.)

VII. The words " belonging to any other person" mean any person except the officer, agent, clerk, &c., embezzling. (People v. Hennessy, 15 Wend. 147 ; 2 Metc. 343.)

VIII. A demand and refusal of payment by defendant were not necessary before he could be convicted under the third count.

IX. The offence was conclusively established by Felps' testimony alone. It was equally well established by the confession of defendant and the facts and circumstances corroborating it.

NAPTON, Judge, delivered the opinion of the court.

Several points have been raised in this case which we will notice in their order.

1. The refusal of the court to compel the prosecutor to elect upon which count he would proceed is one of the errors assigned. The indictment contains three counts—one for larceny and two for embezzlement. Of the latter, one count is framed upon a section of the general act concerning crimes and punishments, and the other on the 37th section of the railroad corporation act. (R. C. 1855, p. 430.) Our statutes contain some provisions on the subject which would seem to preclude all doubt about the propriety of the joinder of counts made in this indictment. The 23d section of the 4th article of the act concerning practice in criminal cases (R. C. 1855, p. 1176,) says that " counts for larceny and embezzlement may be joined in the same indictment." The 15th section of the 9th article of the act concerning crimes and punishments declares that upon an indictment for larceny the defendant may be convicted of embezzlement ; and, vice versa, that he may be convicted of larceny on an indictment for embezzlement. If a defendant can be convicted of larceny where embezzlement only is charged in the indictment and may be convicted of embezzlement where the charge is larceny, it would seem to follow, without any express pro-

14—VOL. XXVI.

vision  such as is found in the 23d  section referred to above,
that counts on larceny and embezzlement could be joined.

In  point  of  law,  however,  and  without  reference  to these
statutes, it is  not error to  insert in the  same indictment sev-
eral  distinct  felonies,  though  committed  at  different  times,
provided they are of the same  degree,  and  will  admit of  the
same  legal  judgment.    If  the  several  counts  refer  to  differ-
ent  transactions,  in  point  of  fact,  it  is  a  matter  of  discretion
with  the  court  to  compel  the  prosecutor  to  elect  upon  which
count  he  will  proceed,  and  the  power  ought  to  be  exercised
in  cases  where  the  offences  are  distinct  and  of  a  different  na-
ture  and  calculated  to  confound  the  defence.    Where  the
offences  are  of the  same  character,  differing  only  in  degree,
as,  for  example,  forging  a  note,  and  publishing  it  knowing  it
to  be  false,  the  defendant  may  be  tried  upon  both  charges
under  the  same  indictment.    It  is  usual  to  frame  several
counts,  where  only  a  single  offence  is  intended  to  be  charged,
for  the  purpose  of  meeting  the  evidence  as  it  may  transpire
at  the  trial ;  and  in  such  cases  the  court  will  not  compel  the
prosecutor  to  elect.

All  the  counts  in  this  indictment  relate  to  the  same  tran-
saction,  and  are  framed  on  different  sections  of  the  statute  to
meet  the  evidence  which  the  trial  might  elicit.    The  offen-
ces  charged  are  not  repugnant,  but  will  admit  of  the  same
judgment.    (Wharton's  Am.  Cr.  L.  204 ;  1  Chitt.  Cr.  L.
235 ;  People  v.  Rynders,  12  Wend.  425 ;  Wright  v.  The
State,  4  Humph.  196.)

2.  The  39th  section  of  article  3  of  the  act  concerning  crimes
and  punishments  provides  that  if  any  clerk,  servant,  &c.,
shall  embezzle,  &c.,  without  the  assent  of  his  master  or  em-
ployer,  any  money,  goods,  &c.,  *belonging  to  any  other  person*,
which  shall  have  come  into  his  possession  or  under  his  care
by  virtue  of  such  employment  or  office,  he  shall  be  punished,
&c.    It  is  insisted  that  the  words  " any  other person"  in  this
section  mean  any  other  person  than  the  master  or  employer ;
and  consequently  that  embezzlement  of  money  or  goods  be-
longing  to  the  master  himself  is  not  within  the  provision.

This section is substantially the same with the section of the New York code on the same subject, upon which the supreme court of that state passed judgment in the case of The People v. Hennessy, 15 Wend. 150. These words are there adjudged to mean any other person than the servant who is guilty of embezzlement.

The section was designed to embrace the provisions of two English statutes on this subject, one of which (21 Hen. 8, ch. 7) makes embezzlement of the goods of the master felony, and the other (39 Geo. 3, ch. 85) punishes in the same way the embezzlement of the money or goods of third persons coming to the servant's possession on account of or to the use of the master or employer. In combining or condensing these two provisions into one the phraseology has been made somewhat awkward, if not obscure, but it is obvious that any other construction than the one adopted in New York would defeat the principal object of the statute. The intent of the section is still apparent, and in borrowing this provision from another code the legislature may be considered as adopting its settled interpretation.

3. The 5th instruction given for the prosecution was as follows : " It is not necessary that the State should prove by direct and positive evidence that the conversion (if they find that there was any such conversion) was without the consent of the Pacific Railroad Company ; it is sufficient if from the evidence the jury are satisfied that it was without such consent." It is undoubtedly true that where, in offences like the one charged in this indictment, the prosecution attempts to establish the non-consent of the owner of property, the owner ought in general to be called ; but it is well settled that the testimony of the owner is not exclusively primary evidence of the non-consent. It may be inferred from circumstances attending the transaction. (2 Russ. 737 and cases there cited.) The case of Williams v. East India Co. 3 East, 193, does not conflict with this rule. In that case it became important to establish a notification to the agents of the shipowners of the inflammable character of some goods put on

board their vessel by the company; and the company's agent, whose duty it was to have apprised the ship's officers of this circumstance, was not called upon the question of notice, and no necessity was shown for resorting to secondary evidence. In the present case it is obvious that the only proof attainable of the non-consent of the Railroad Company must be of a circumstantial character. The president of the company was examined, but neither he nor the treasurer nor any other officer had any authority to consent to such misappropriations of the company's funds as were charged upon the prisoner. No nearer approach to direct testimony would have been made by calling the treasurer, unless it could be shown that this officer was invested, by the charter or by-laws of the company, with some power to permit appropriations of the funds, such as were sought to be established in this case; and there was no pretence that any such authority existed.

4. The third count is based upon the 37th section of the act concerning railroad corporations (R. C. 1855, p. 430), and it is alleged that the count is defective in not averring a demand on the part of the company and a refusal to pay over on the part of the defendant. A demand and refusal constitutes no part of the offence, as an examination of the section will show; they are merely evidence of it. Nor do we suppose that it was the intention of the act to make this the only evidence by which the offence could be proved, for it is not so declared. The evidence of demand and refusal is merely cumulative. The prosecution was not deprived of any other mode of proof which was legitimate previous to the enactment of this provision. It was therefore unnecessary to aver or prove a demand and refusal.

5. The blank return read in evidence at the trial was objected to on the ground that it was not the best evidence which was in the power of the prosecution, as it did not appear that the defendant had ever seen it or that it had ever been in his possession, and as it did appear that the prosecution was in possession of the blanks which the prisoner had used and filled up. It is insisted that these latter should

have been produced.   In the case of Rex v. Watson, 2 Stark. 130, where it appeared that a number of placards had been printed, and the prisoner took twenty-five of them away from the printer's, it was held that one of the remaining placards could be read in evidence without any preparatory proof as to the original manuscript or any notice to the prisoner to produce the copies he had taken.   Bayley, Judge, said, that they are all originals—duplicate originals; that one duplicate could be given in evidence without producing the other; that when a manuscript was printed all the printed copies became originals; the manuscript (as he expressed it) was discharged; and as they were all from the same press they must all be the same.   The printed form used in this case was merely to show the course of business pursued by the defendant and required by the rules of the company in the discharge of his official duties as ticket agent.   The copies of the printed forms containing these rules and returns, which he had filled up and transmitted to his employers, would have been no better evidence of the fact intended to be explained than the copy offered in evidence.   They were all originals and proved to be duplicates.   (1 Greenl. Ev. § 90.)

6. Conceding that the *corpus delicti* must be established by proof other than the confessions of the prisoner, we are unable to perceive any ground upon which the verdict of the jury can be complained of by reason of the absence of testimony on this point.

In cases of embezzlement, the proof of the *corpus delicti* must of necessity be of a circumstantial character; and the testimony of Phelps, taken in connection with other facts proved, may be considered as very strong, if not conclusive, corroboration of the prisoner's confessions.

7. In relation to the admission of testimony for the State out of its usual order, the case of Rucker v. Edwards, 7 Mo. 9, is conclusive that this was not a matter of error.

It is unnecessary to refer specifically to each instruction given or refused in this case.   All the points of law arising on them, which have been insisted on here, will be found em-

braced in what has already been said relative to the testimony and the construction of the statutes on which the indictment was framed. There are other instructions refused, to the refusal of which formal exceptions were taken on the trial, but nothing has been said about them here, and the reason for their refusal will appear upon inspection.

Judgment affirmed; the other judges concur.