·THE ·STATE v. CRANK, *Appellant.*

**Recent Possession of Stolen Property**: PRESUMPTION OF GUILT· GOOD CHARACTER. The possession of property soon after it is stolen if not explained or accounted for, is presumptive evidence of guilt, but it is not necessarily conclusive where there is evidence of good character; and an instruction is too narrow which does not submit to the jury the evidence of good character in connection with that of recent possession. See *State v. Butterfield, ante,* p. 297.

*Appeal from Henry Circuit Court.*—HON. JAMES B. GANTT, Judge.

REVERSED.

*M. A. Fyke* for appellant.

*D. H. McIntyre,* Attorney General, for the State.

NORTON; J.—The defendant was indicted at the regular August term, 1881, of the Henry county circuit court for larceny in stealing one steer, the property of one Calvird. He was convicted, on trial, of the offense charged, and on his appeal to this court avers that the trial court committed error in instructing the jury.

It appears from the record that Calvird, who lived in Henry county, missed the steer in question about the 26th day of April, 1881, and in July following found it with a herd of cattle in Vernon county in charge of defendant; that the cattle in said herd belonged to various persons residing in Henry county, with whom defendant had contracted to take them to Vernon county for the purpose of

being grazed. The evidence tended to show that the said cattle were driven from Henry county about the time Calvird missed his steer; that after they had been collected together and previous to starting, some of them, quite a number, got away and that the steer in question was put, without defendant's knowledge, into the herd by one of his hands, under the supposition that it was one that had escaped. There was abundant evidence of defendant's good character.

It is insisted by counsel for defendant, in view of the evidence as to the good character of defendant, that the instruction given by the court of its own motion was too narrow and restricted. The said instruction is to the effect that if the jury believed that soon after said steer was stolen, it was found in the possession of defendant, then such possession was in presumption of law guilty, "and if such possession is not satisfactorily explained by defendant, it will be conclusive evidence of his guilt, and it devolves upon defendant to explain his possession to the satisfaction of the jury." In the case of the *State v. Kelly*, 73 Mo. 608, and *State v. Sidney*, 74 Mo. 390, while it was held that such an instruction as the above was proper in a case where there was no evidence of the good character of defendant, it was also held that in a case where such evidence was introduced, such an instruction would be subject to the objection that it was too restrictive. In passing upon the question in the case of *State v. Kelly, supra*, it was observed: " If there really had been evidence of good character, the instruction would not have been sufficiently comprehensive, because good character would neither account for nor explain the possession of the property recently stolen, though it would certainly have a very important bearing in rebutting the presumption of guilt consequent on such possession." The same principle is announced in the case of *State v. Bruin*, 34 Mo. 541. Judgment reversed and cause remanded, in which all concur.