The State v. Houx.

## THE STATE v. HOUX, *Appellant*.

DIVISION TWO.

1. **Criminal Law**: RAPE: INDICTMENT. An indictment for rape *held* to sufficiently charge that the female was under twelve years of age.

2. ———: ———: ———. An indictment for rape charging force and want of consent need not allege the age of the female, or state that she was over twelve years of age.

3. **Criminal Practice**: SEVERAL COUNTS: ELECTION. Several distinct felonies may be joined in the same indictment when they all relate to the same transaction and admit of the same legal judgment, and, ordinarily, no election will be required to be made by the state in such case.

4. **Rape**: EVIDENCE. On a trial for rape, testimony of the defendant that he had reason to believe that the prosecutrix was, at the time of the carnal knowledge, over twelve years old, is inadmissible.

5. ———: FEMALE UNDER TWELVE YEARS: PUBERTY. The act of carnally and unlawfully knowing a female under twelve years of age constitutes rape under Revised Statutes, 1879, section 1253, regardless of the fact that she had already attained the state of puberty.

6. ———: EVIDENCE. It is error on a trial for rape to permit proof of the physical condition and suffering of the prosecutrix some months after the time of the commission of the alleged offense.

7. ———: ———: HARMLESS ERROR. Such error is, however, harmless where, from the other evidence, the jury necessarily found the defendant guilty, and the verdict fixed the lowest punishment prescribed by the statute.

8. Witness: EVIDENCE TO DISCREDIT. A witness cannot be required to testify concerning the immorality of his previous life where such testimony does not tend directly to prove some issue.

9. Evidence: HARMLESS ERROR. An improper cross-examination of a defendant in a criminal case will not be ground for a reversal of the judgment where it appears that no harm could possibly have resulted to the defendant therefrom.

10. Rape: BURDEN OF PROOF. The burden is on the state on the trial of one for the rape of a female under twelve years of age to establish the fact that she was under such age.

11. ———: PRESUMPTION. The law does not, however, in such case presume that she was over twelve years of age.

*Appeal from Saline Criminal Court.*—Hon. JOHN E. RYLAND, Judge.

AFFIRMED.

*S. P. Sparks* for appellant.

(1) The counts of the indictment were repugnant; though based on the same transaction, there could be but one conviction, and the court erred in overruling defendant's motion requiring the state to elect, made before the trial was begun. *Nicholas v. State,* 5 S. W. Rep. (Tex.) 239; *People v. Parke,* C. C. 154; Bishop on Statutory Crimes, secs. 478-494; 1 Wharton's American Criminal Law [4 Rev. Ed. 1858] secs. 416, 422; *State v. Cherry,* 1 Swan (Tenn.) 160; *Bonner v. State,* 3 S. Rep. 663. (2) The defendant's motion, made after all the state's evidence was in, to require the plaintiff to elect upon which of the counts it would submit to the jury, should have been sustained, it conclusively appearing that there was but one trans-

action. This is the invariable rule of practice both in civil and criminal cases. *Erlich v. Ins. Co.*, 88 Mo. 249; *Roberts v. Railroad*, 43 Mo. App. 287; *State v. Daubert*, 42 Mo. 242; *State v. Parish*, 104 N. C. 679. (3) The demurrer to the first count in the indictment should have been sustained, for the reason that it failed to affirmatively allege that Mattie Sidenstricker was "then and there being" a female child under the age of twelve years. *McComas v. State*, 11 Mo. 116; *State v. Reaky*, 1 Mo. App. 3; s. c., 62 Mo. 40. (4) The demurrer to the second count in the indictment should have been sustained; it should have affirmatively alleged that Mattie Sidenstricker was "a woman above the age of twelve years," following the language of the statute. 1 R. S. 1879, sec. 1253; Wharton's American Criminal Law [4 Rev. Ed. 1858] secs. 364–374; *State v. Ross*, 25 Mo. 426; *State v. Howerton*, 59 Mo. 91. (5) It was gross and prejudicial error to allow the state to make out her case by acts and conduct of the mother, and the physical condition of Mattie, varying from an hour to three months after the act of sexual intercourse. *State v. Jones*, 61 Mo. 232; Greenleaf on Evidence, 213; *McMerrin v. Rigby*, 45 N. W. Rep. 877; leading art. by F. B. James, 23 Weekly Law Bulletin, 388. (6) The court erred in permitting the state to cross-examine defendant as to whether he had made certain statements as a witness in the *habeas corpus* proceedings before Judge Sloan. No such matter had been drawn out in his direct examination, for such an attempt would have been an infraction of a plain rule of evidence on the part of defendant. It was, therefore, a gross violation of the statute for the court to allow him to be examined as to such statements. (7) The court erred in refusing the ninth, tenth, eleventh and twelfth instructions asked by the defendant, based on the theory that this statute by the

The State v. Houx.

employment of the words "female" and "child" meant a female child who had not arrived at the age of puberty, or when she could become ·impregnated. *Blackburn v. State*, 22 Ohio St. 102.

*John M. Wood*, Attorney General, for the State.

(1) Only a single offense was charged, both counts relating to the same transaction, and the court did not err in overruling defendant's motion to require the state to elect. *State v. Porter*, 26 Mo. 201; *State v. Davis*, 29 Mo. 391; *State v. Pitts*, 58 Mo. 556; *State v. Turner*, 63 Mo. 436; *State v. Green*, 66 Mo. 631; *State v. Miller*, 67 Mo. 604; *State v. Testerman*, 68 Mo. 409; *State v. Mallon*, 75 Mo. 356; *State v. Pratt*, 98 Mo. 482; *State v. Jennings*, 98 Mo. 493. (2) The defendant was found not guilty, as charged in the second count of the indictment, and it will not be necessary to review that count of the indictment or the instructions founded on the law peculiar to that count. *State v. Davis*, 29 Mo. 391. (3) The demurrer to the first count in the indictment was properly overruled. It charges the offense in the language of the statute and is sufficient. R. S., sec. 3480; *State v. Meinhart*, 73 Mo. 562. (4) The court did not err in refusing the ninth, tenth, eleventh and twelfth instructions asked by defendant. The statute itself fixes the age of consent. 83 N. C. 608; 9 Mich. 150; Bishop on Statutory Crimes, *supra;* 70 Cal. 468; 100 N. C. 494; 76 N. C. 209; 50 Ark. 330. (5) The law raises no presumption as to the age of the person alleged to have been ravished. It must be alleged and proved like any other fact. Hence no error was committed in refusing instruction, numbered 8, asked by defendant. (6) The instructions asked and given on the part of the state and defense properly

declare the law of the case, and the judgment should be affirmed.

MACFARLANE, J.—Defendant was indicted by the grand jury of Johnson county for an alleged rape upon Mattie Sidenstricker. A change of venue was taken to Saline county, where the case was tried and defendant convicted and sentenced to five years' imprisonment in the penitentiary. From this sentence defendant appeals.

The indictment contains two counts, the first charging: "That Robert Houx, late of the county of Johnson and state of Missouri, on the eighth day of July, A. D. 1889, at the county of Johnson and state of Missouri, in and upon one Mattie Sidenstricker, a female child under the age of twelve years, to-wit, of the age of ten years, unlawfully and feloniously did make an assault, and her, the said Mattie Sidenstricker, then and there unlawfully and feloniously did carnally know and abuse."

The second count charged a rape on the said Mattie, on the same day, forcibly and against her will.

The verdict of guilty was on the first count, and of not guilty on the second.

Defendant unsuccessfully demurred to each count of this indictment. The ground of demurrer on the first count was that it failed to affirmatively allege that the complaining witness was "then and there being" a female child under twelve years of age. In other words, it was not sufficiently averred that, at the time of the alleged outrage, the said Mattie was under twelve years of age.

I. The liberality allowed in criminal pleadings under our practice act has never been so extended as to permit the omission from the indictment of a suf-

ficiently distinct charge of every substantive fact necessary to constitute the offense. *State v. Reakey*, 62 Mo. 42; *State v. Sides*, 64 Mo. 383.

The first count in the indictment is drawn under that part of section 1253, Revised Statutes, 1879, which makes it a capital offense to have carnal knowledge of a female child under twelve years of age, though accomplished without force, and with the consent of the victim.

It is very clear that the age of the child, at the time of the act, is a fact upon which the criminality of the act absolutely depends, and it should, therefore, be clearly and definitely charged. Approved forms and precedents for indictments for felonies, which it is always safer for the pleader to follow, after once averring the time and place of the offense, thereafter designate them by the terms "then and there." The use of this formula was not necessary, but was adopted for convenience. All that is required is a clear statement of the fact. *State v. Luke*, 104 Mo. 569; *State v. Steeley*, 65 Mo. 221; *State v. Sundheimer*, 93 Mo. 313.

This count in the indictment charges the act of carnal knowledge to have been committed on a certain day, and with a female child under twelve years of age. There was no occasion for any purpose to repeat this allegation.

II. The verdict being for defendant on the second count it is unnecessary to consider its sufficiency. The rule is, however, that the indictment for rape, charging force and want of consent, need not allege the age of the female, or state that it was over twelve years. 2 Bishop on Criminal Procedure, sec. 954; Bishop on Statutory Crimes, sec. 846. The charge in the second count was sufficient.

III. Before the trial commenced, and again at the close of the evidence in chief by the state, defendant, by motion, requested that the prosecuting attorney be required to elect upon which count of the indictment he would proceed. These requests were denied, and defendant assigns as error the ruling of the court in doing so.

It is insisted in the first place, that the offenses charged in the two counts are distinct and independent crimes, and repugnant to each other, and a joinder of them though in separate counts was improper, and for that reason an election should have been required.

It is the common and approved practice in this state, to charge in the same indictment several distinct felonies, when all relate to the same transaction and admit of the same legal judgment. *State v. Porter*, 26 Mo. 206; *State v. Mallon*, 75 Mo. 365; *State v. Miller*, 67 Mo. 604; *State v. Green*, 66 Mo. 631. By section 1253 rape is defined to be either carnal knowledge of a female child under the age of twelve years, or forcibly ravishing a woman of the age of twelve years or upwards. The two counts in this indictment relate to the same transaction, that of unlawfully and feloniously having carnal knowledge of the complaining witness. The punishment for each is the same. The crimes charged are the same. The proof necessary to establish them alone differs. In such case it is "usual to form several counts, for the purpose of meeting the evidence as it may transpire at the trial." 1 Bishop on Criminal Procedure, sec. 446; *State v. Porter, supra; State v. Sutton*, 4 Gill. 494; *Bonner v. State*, 65 Miss. 294.

IV. Whether the state should be required to elect upon which count in an indictment it will proceed to trial is regulated in all cases by sound judicial discretion, but, as a rule, no election will be required when

the different counts relate to but one transaction, as in this case. *State v. Porter, supra; State v. Green, supra; State v. Mallon, supra.*

Defendant offered, and the court refused to admit, testimony tending to prove that he had reason to believe that the prosecutrix was, at the time of the carnal knowledge, over the age of twelve years. We do not think that the court committed error in this. "His intent to violate the laws of morality and the good order of society, though with the consent of the girl, and though in a case when he supposes he shall escape punishment, satisfies the demands of the law, and he must take the consequences." Wharton on Criminal Evidence, sec. 724; *State v. Griffith,* 67 Mo. 287; *Lawrence v. Com.,* 30 Gratt. 845; *State v. Newton,* 44 Iowa, 45.

V. Defendant asked instructions based on the theory that this statute, by employing the words "female" and "child," meant to designate a female who had not arrived at the age of puberty, and, though this girl was under the age of twelve years, if she was in fact a developed woman, carnal knowledge of her with consent was not rape under the statute. These instructions were refused.

We do not think the designation "child" and "woman," as applied to females in this section, were intended to refer to actual childhood and womanhood as generally understood. If such had been the intention no age would have been fixed, as it is well known that the age at which womanhood is reached varies in different females. To secure certainty and avoid controversies an arbitrary age of consent has always been designated without reference to physical development. Under statute of 18 Elizabeth a girl under ten years was conclusively presumed to be incapable of consent, and it was rape to have carnal knowledge of her with

or without her consent. 1 Hale's Pleas of the Crown, 631. Like construction has been given the statutes of the states. 50 Ark., and authorities cited; *People v. Gordon*, 70 Cal. 467.

Evidently the purpose of the statute was to fix an age in the life of females when they should be deemed incapable of consent to sexual intercourse. It could never have been intended that carnal knowledge of a child, over twelve years, would not be rape though accomplished with force and without consent. Such would be the result of the construction insisted upon by defendant.

Counsel relies upon *Blackburn v. State*, 22 Oh. St. 110, to sustain his theory. The statute of Ohio names three classes of females upon whom rape may be committed; a woman; a female child; a female child under ten years with her consent. The court held that it was at the age of puberty, and not at the age of majority, that a female ceases to be a child, and becomes a woman within the meaning of the statute. There is no similarity in the statutes, and this decision cannot be used as a guide in the interpretation of the statute of this state.

VI. The court permitted witnesses to state the physical condition and suffering of the child from the day the act was committed until some months thereafter. It was competent to prove the physical condition of the girl immediately after the outrage as tending to prove the commission of the offense, but evidence of her condition three months thereafter was too remote to throw any light on the real issues in the case. Its only effect could have been to show an aggravation of the offense, and excite abhorrence in the minds of the jury, and thereby increase the punishment. If there was a suspicion of prejudice shown by the verdict we might feel it our duty to reverse the judgment for this

error. Defendant, while testifying, confessed the sexual act, and thereafter the only issues were whether the girl was over twelve years of age, and if so whether force was used. The verdict of guilty was to the first count, and the finding necessarily included the finding. that the child was under the age of twelve years, and the evidence clearly established the fact. The verdict fixed the lowest punishment prescribed by the statute, and, therefore, the objectionable evidence was clearly harmless.

VII. On cross-examination of the mother of the prosecutrix, defendant's counsel undertook to require her to answer inquiries as to specific acts of alleged immorality commencing at a period twenty years previous, and also general questions as to the morality of her previous life. Defendant attempted to justify these inquiries on the ground that they tended to impeach the witness.

A witness should not be required to give such testimony, when it does not tend directly to prove some issue. "And the reason is that every man is entitled to such a measure of oblivion for the past as will protect him from having it ransacked by mere volunteers; and aside from this general sanction, if witnesses were to be compelled to answer fishing questions as to any scandals in their past lives, the witness-box would become itself a scandal, which no civilized community would tolerate." Wharton's Criminal Evidence, sec. 472.

VIII. Objection is made to the ruling of the court in permitting counsel for the state, on cross-examination of defendant as a witness, to question him as to whether he had not given certain evidence in a *habeas corpus* proceeding on a previous occasion.

It does not appear that defendant was examined in chief as to such previous testimony, and it was not proper for the state to cross-examine him in reference

to it.    But a comparison of the testimony given on this trial, with the testimony about which he was examined, shows that they were substantially the same, and no prejudice could possibly have resulted from such cross-examination.

IX.    The court refused to give the eighth instruction asked by defendant.    This instruction told the jury that the law presumed that Mattie Sidenstricker was, on the eighth day of July, 1889, above the age of twelve years, and the burden was on the state to establish beyond a reasonable doubt that she was not of that age on said day.

As has been said, the age of the girl was a material fact, to be specially charged in the indictment, and proved upon the trial.    The burden was on the state to establish the fact, but we cannot say that there was a presumption that the girl was over the age of twelve years.    The court did instruct the jury that, unless they were satisfied, from the evidence, beyond a reasonable doubt, that at the time the defendant had sexual intercourse with the girl she was under the age of twelve years, they should acquit on the first count of the indictment.    The court further declared, in another instruction, that the presumption of defendant's innocence "abides and continues throughout the case," and that they should acquit "unless the state has established to your satisfaction beyond a reasonable doubt that defendant is guilty."

The presumptions declared in this instruction were all that could be demanded.    They placed the burden of proof on the state, where it belonged.

After a careful examination of the record, and the elaborate and exhaustive brief of counsel for defendant, we conclude that there was no error which could have been prejudicial to defendant, and the judgment is affirmed.    All concur.