THE STATE OF MISSOURI, Respondent, v. JOHN R. SASSEEN, Appellant.

*Kansas City Court of Appeals, May 2, 1898.*

1. **Evidence**: CROSS-EXAMINATION OF DEFENDANT: CHARACTER. Where on his direct examination the history of defendant's life is gone into in past years, he may on cross-examination be asked as to his pleading guilty to offenses during that time.

2. ————: DECLARATIONS IN ABSENCE OF DEFENDANT: WHOLE OF CONVERSATION. Where the defendant has brought out part of the conversation the state may call for the rest of it though it contain declarations made in the absence of defendant; especially is such admission harmless where it has been in evidence earlier in the trial without objection.

3. **Larceny**: TRESPASS: FELONIOUS INTENT: INSTRUCTION. An instruction requiring the jury to find defendant stole and carried away, etc., with intent to convert, etc., to his own use and permanently deprive the owner of his goods, properly excludes the idea of mere trespass and requires the finding of felonious intent, but a suggestion is added for the improvement of the instruction on a new trial.

4. ————: POSSESSION OF STOLEN PROPERTY: PRESUMPTION: CHARACTER. Where the taking of the property is admitted and the only question is whether such taking was theft, an instruction relating to the presumption arising from the recent possession of stolen property is useless and may be hurtful, especially where it does not say that the defendant's good character would justify the jury in nullifying the presumption of the guilt arising from mere possession.

5. **Evidence**: CIRCUMSTANTIAL: INSTRUCTION. An instruction that the defendant's guilt need not be proved by direct testimony but by circumstances, is dangerous unless the jury is further instructed that such circumstances must be consistent with each other and the defendant's guilt, and exclude to a moral certainty every other reasonable hypothesis.

*Appeal from the Gentry Circuit Court.*—HON. C. A. ANTHONY, Judge.

REVERSED AND REMANDED.

McCullough, Peery & Lyons and Aleshire & Benson and Patton & Shoemaker for appellant.

(1) These statements of Carothers were made in the absence of the defendant, and were not binding upon him. They were purely hearsay. Their admission was clearly grievous error. State v. Jaeger, 66 Mo. loc. cit. 180; 1 Greenl. Ev., secs. 202, 467. (2) The court erred in permitting the prosecuting attorney to ask the defendant if he had not been convicted of larceny in the state of Iowa thirty years before the trial. Musick v. R. R., 114 Mo. 309; Payne v. Masek, 114 Mo. 631; 1 Greenl. Ev., sec. 459; State v. Parker, 96 Mo. loc. cit. 390; State v. Gesell, 124 Mo. loc. cit. 535; DeArman v. Taggart, 65 Mo. App. loc. cit. 85; State v. Wolf, 15 Mo. loc. cit. 172; State v. Mix, 15 Mo. 153; State v. Rothschild, 68 Mo. loc. cit. 55, 56; State v. Thomas, 99 Mo. loc. cit. 257; Meyer v. Lewis, 43 Mo. App. loc. cit. 420; State v. Patrick, 107 Mo. 147. (3) Instruction number 2 on the part of the state is erroneous. State v. Moore, 101 Mo. 316; Witt v. State, 9 Mo. 671; State v. Campbell, 109 Mo. 611. (4) Instruction number 4 on the part of the state is erroneous. There was no question of the identity of the taker in the case; hence there was no room for any presumption arising from recent possession of the property. It did not tell the jury that the presumption might be rebutted by the proof of defendant's good character for honesty. State v. Crank, 75 Mo. 406; State v. Bruin, 34 Mo. 541; State v. Kelly, 73 Mo. 608; State v. Sidney, 74 Mo. 390; State v. Brown, 75 Mo. 317; State v. Kennedy, 88 Mo. 341; State v. Moore, 101 Mo. 316. (5) Instruction number 5 on the part of the state is erroneous. It is not true that "his guilt may be shown by the proof of facts and circum-

stances from which it may be reasonably and satisfactorily inferred." Such a rule as to circumstantial evidence is at war with all the fundamental principles of criminal evidence. State v. Moxley, 102 Mo. 374; State v. Taylor, 111 Mo. 538; State v. Woolard, 111 Mo. 248; State v. Avery, 113 Mo. 475; State v. Carlisle, 57 Mo. loc. cit. 107; Kelly's Crim. Law, secs. 281, 282, 288; State v. Harvey, 131 Mo. 339; State v. Blue, 136 Mo. 41; State v. Taylor, 118 Mo. 153.

ELLISON, J.—The defendant was charged with stealing some furniture and wall paper and was convicted of petit larceny in the Gentry circuit court. He contends that the circuit court erred in permitting him to be asked in cross-examination while a witness in his own behalf questions, which were preceded by the statement of the witness that he had "been preaching in this state about twenty-nine years. Before that I was in Iowa in the Des Moines conference. I came from Iowa here. I preached in Iowa four or five years. I lived in Johnson county, Iowa." The following are the questions referred to:

"Q. How often have you plead guilty to larceny in the state of Iowa? A. Not at all that I know of. Q. How is that, what is your answer? A. I don't know. Q. You don't know? A. No, sir. Q. Now then, isn't it a fact that you plead guilty six times in the county of Johnson in the state of Iowa to larceny? A. I am not conscious of it. Q. You don't say that you did? A. I don't say that I did."

It is apparent that the times of these pleas of guilty was some thirty years in the past, and ordinarily the point made against the evidence would be well taken, since "It will not be allowed in a court of justice to put a witness on the rack as to past transactions, to rake in the

<span style="font-variant: small-caps">EVIDENCE</span>: cross-examination of defendant: character.

ashes of long forgotten scandals, and to uncover the scars of old wounds, in order to discredit a witness or overthrow his moral character. Wharton's Crim. Ev. [9 Ed.], sec. 472; State v. Parker, 96 Mo. 382; 1 Greenl. Ev., sec. 459; State v. Houx, 109 Mo. 654." State v. Gesell, 124 Mo. loc. cit. 535. But matter of cross-examination, which as an original proposition would be altogether improper, is frequently made valid and important matter by the examination in chief which preceded. And we are of the opinion that such is the case here. On the examination in chief the defendant had stated: "I am a minister, have been for thirty odd years; in the Methodist church, have been engaged in the active work of the church during that time. I have been engaged in the Methodist ministry in Missouri nearly thirty years, have been connected with the church forty-five years. While in the ministry in Missouri I have been located at Trenton, Chillicothe, Maryville, St. Joseph, Stanberry, Memphis, Moberly and Jefferson City."

It is evident that the foregoing (which, it will be noticed covers the period of the cross-examination) was brought out by the defense for the purpose of its effect in defendant's behalf. Since it would scarcely be denied that the fact that one had been connected with the church for forty-five years and had been a minister of the gospel for more than thirty years would have a strong tendency to convince a jury that he would not be guilty of the crime of stealing unless it was met by something altogether inconsistent with the teachings and principles of a true church member and a worthy minister. The state therefore had the right to meet the defendant on the ground covered and laid down by himself. It did no more than this in the questions asked and we think the trial court was correct in overruling the objections.

State v. Sasseen.

It is next objected that error was committed in permitting witness Jordan to state what Carothers had said to him in the absence of defendant. There was no error in this. The matter referred to was a conversation with Carothers which had been partly drawn out by defendant in cross-examining Jordon and the state merely had the whole of the conversation stated. Furthermore the matter referred to a confession which defendant was said to have made to Carothers and it had been already detailed in evidence without exception from defendant. It being therefore already in evidence, its being repeated the second time in about the exact words of the first could have done no harm

*——: declarations in absence of defendant: whole of conversation.*

It is next contended that the second instruction for the state was improper in that it omitted in a definition of larceny the question of fraudulent or felonious intent. That is, that a fraudulent or felonious purpose is not submitted. The instruction is as follows: "The jury are instructed that if they believe from the evidence that the defendant, at, etc., on, etc., did take, steal and carry away from the store of James E. Jordan and John Besinger eighty rolls, or any quantity of wall paper, two chairs, one hat rack described in the indictment, or either of said articles and that the same were the property of said Jordan and Besinger, and that said goods were taken by defendant with the intent to convert said articles to defendant's own use and permanently deprive the owners of said goods," you will find him guilty, etc. The rule is that an instruction in a prosecution for larceny, should be so worded as to exclude a mere trespass, and therefore it ought to be drawn in language broad enough to require a finding that the property was fraudulently, unlawfully or feloniously taken; in other words, *animo*

*LARCENY: trespass: felonious: intent: instruction.*

*furandi.* State v. Moore, 101 Mo. 316. In the case just cited and in others to which counsel have called our attention instructions were held to be too narrowly drawn, but in none of them do we find the breadth of language of the present instruction. By it the jury are required to find that the defendant did "steal and carry away * * * eighty rolls of wall paper, etc. * * * with intent to convert said articles to defendant's own use and permanently deprive the owners of said goods." It seems clear that all idea of mere trespass is excluded by this instruction and that it requires a finding that defendant stole the property.

It would however perhaps be well for the state to avoid any criticism at another trial, to insert the words, "unlawfully and fraudulently," just preceding the words, "taken by the defendant," as now found in in the instruction.

An instruction was given concerning the presumption of guilt which arises from possession of property recently stolen. The instruction is as follows: "Where property has been stolen, and recently ——: possession of stolen property: presumption: character. thereafter the same property or any part thereof is found in the possession of another, such person is presumed to be the thief, and if he fails to account for his possession of such property in a manner consistent with his innocence, this presumption becomes conclusive against him. But the question for you to determine in this case is whether the property was stolen or not. If the property was not stolen no presumption arises against the defendant by reason of recent possession."

The instruction was an unnecessary direction to the jury and should not have been given. The presumption of guilt which the law fixes on him who is found in possession of property recently stolen only finds application in an effort to ascertain who felo-

niously took the property from the owner; and it presupposes that the property has been stolen. For it is only possession of *stolen* property which raises the presumption. Here the taking was admitted and the only question was as to whether such taking was a theft. The instruction was altogether useless and we can not say that it was not hurtful to the defense. Furthermore there was some evidence tending to show that the defendant had previously had a good character. When such is the case an instruction of the nature here spoken of should include the statement that good character was of itself sufficient to justify the jury in permitting it to nullify the presumption of guilt arising merely from possession of the stolen property. State v. Crank, 75 Mo. 406, and cases cited.

It is next urged that the court erred in giving an instruction on circumstantial evidence. It is as follows: "The court instructs the jury that it is not necessary to prove that defendant was guilty by the testimony of witnesses who may have seen the offense committed. His guilt may be shown by the proof of facts and circumstances from which it may be reasonably and satisfactorily inferred." We have hesitated to condemn this instruction since there was not much of circumstantial evidence in the case, as such term is generally understood in reference to criminal prosecutions, and hence might not have worked any substantial harm. But we feel that its tendency was such as to prejudice defendant's case unaccompanied by any direction to the jury defining to them the character of circumstances which would be sufficient to establish guilt. Such as that they should be consistent with each other and with defendant's guilt and should be such as to exclude to a moral certainty every other reasonable hypothesis but that of guilt. This is the rule stated by text-

*EVIDENCE: circumstantial: instruction.*

writers and is found approved frequently in this state. State v. Moxley, 102 Mo. 375.

We are finally asked to reverse this case outright on the ground that the evidence was not sufficient to establish fraudulent and guilty intent. It is sufficient to say that there is no merit in the request and that the record discloses abundant evidence to sustain the verdict. But for the errors mentioned the judgment must be reversed and the cause remanded. All concur.